## BANK OF COMMERCE OF SULPHUR v. WEBSTER et al.

No. 8862—Opinion Filed April 30, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 943.)

### Bills and Notes—Guaranty—Consideration.

A promissory note must be supported by a lawful consideration; also, a contract of guaranty to answer for the obligation of another, made subsequent to the original obligation, must be supported by a distinct consideration.

(Syllabus by Pryor, C.)

Error from District Court, Murray County; F. B. Swank, Judge.

Action by the Bank of Commerce of Sulphur, Okla., against C. J. Webster and T. E. Molacek. Judgment for defendants, and plaintiff brings error. Affirmed.

Jno. A. McClure, for plaintiff in error.

Geo. M. Nicholson, for defendants in error.

Opinion by PRYOR, C. This action was commenced by the Bank of Commerce of Sulphur, Okla., plaintiff in error, against C. J. Webster and T. E. Molacek, defendants in error, to recover on a certain promissory note, together with interest, amounting to $3,198.77. The defense interposed to the action on said note is that said note was executed and delivered to the said bank without consideration and only for the convenience and accommodation of the bank.

At the time of the execution and delivery of the note, and as a part of the same transaction, the defendants executed and deliv-

ered to the bank the following agreement:

"Sulphur, Okla., April 9, 1911.

"To the Bank of Commerce, Sulphur, Okla.: You are hereby authorized to accept a note carrying the amount of indebtedness due you by W. J. and Frances I. Williams for the amount of $2,654.06, the same being the proposition which we guarantee in written instruction to you June 19. 1912. It is agreed and understood that this instrument does not in any way invalidate, change or affect said former guaranty, and it is strictly understood that this note signed by us this date for $2,654.06 and due June 9, 1912, is only for the convenience of the Bank of Commerce until said bank can realize on security which is behind the original proposition. And further it is understood that this said new note of this date does not bind us only in so far as it carries out our first and original guaranty above referred to.

"C. J. Webster.
"T. E. Molacek."

The contract of guaranty above referred to is as follows:

"Sulphur, Okla., June 19, 1912.

"We hereby guarantee the Bank of Commerce of Sulphur. Okla., payment of the W. J. Williams note for $2,457.81, dated July 1, 1910, No. 1888, with the understanding that the security shall be exhausted before any claim is made on us as guarantors.

"C. J. Webster.
"T. E. Molacek."

There was a jury trial of said cause. which resulted in favor of the defendants. From judgment in favor of the defendants. the plaintiff appeals.

The sufficiency of the evidence to sustain the verdict of the jury was not challenged by demurrer or motion to direct verdict in the trial court, and no assignment of error can be predicated on the insufficiency of the evidence. Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Reed v. Scott, 50 Okla. 757. 151 Pac. 484; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157.

The plaintiff, however. made motion for judgment in its favor, notwithstanding the verdict of the jury, and insists that this is a sufficient challenge to the sufficiency of the evidence. A motion for judgment notwithstanding the verdict does not raise the question of the sufficiency of the evidence to sustain the verdict. Oaks v. Samples, 57 Okla. 660, 157 Pac. 739; Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176.

The plaintiff contends that the court erred in refusing to give certain requested instructions to the jury, and erred in its instructions to the jury.

The plaintiff requested the court to give the following instructions:

"You are instructed that defendants in this case have set up as defense to any liability on the note sued on. herein that said note was given by defendants to plaintiff without consideration, and for the agreed purpose between plaintiff and defendants that plaintiff might have said note to exhibit to the bank examiner in the State of Oklahoma as an asset to said plaintiff's bank.

"In this connection, you are told that said defense is not a valid defense. and that, if you find from the testimony that said defendants did give said note to plaintiff to enable plaintiff to exhibit the same to the bank examiner of the state of Oklahoma as an asset of said bank. defendants are not permitted at this time to urge same as a defense to their liability on said note.

"You are instructed that the giving of the note sued on herein, together with the instrument executed by the defendants at the time of the execution of the note sued on, constitute a new contract; that is, the defendants, by their act in giving the note sued on and executing the written agreement at the same time. substituted the said note sued on herein and the said written agreement for their original agreement of guaranty. * * *"

The first of these instructions improperly states the law for the reason that, after stating that the defense of plaintiff is want of consideration for the note and that the note was executed merely to be exhibited to the bank commissioner as an asset of plaintiff's bank, then proceeds to instruct the jury that such defense is not valid. Both are valid defenses.

The second instruction improperly states the law for the reason that it is in effect a peremptory instruction, in that it instructs the jury that the giving of the note and contract constituted a new contract and was a substitution for the original written guaranty.

The facts and circumstances as disclosed by the evidence do not justify this instruction. The only theory upon which this instruction could be justified is that the contemporaneous contract and the note are conclusive as to consideration and as to the purpose of the making of the note. It is difficult to determine from the contract its true import and the true intention of the parties. Taking in consideration the fact that the contract expressly provides that the same shall not change the effect of the former guaranty and that said note is only given

for the convenience of the Bank of Commerce until it can realize upon the surety behind the original proposition, and construing the contract as a whole, it cannot reasonably be given the effect of replacing and substituting the original guaranty. Neither can it be conclusively presumed from said contract and the giving of said note that the note is based upon consideration. Such presumption must be indulged and the findings of the jury disregarded, before this instruction would be justifiable. The court therefore committed no prejudicial error in refusing to give the instructions requested as above set out.

The instruction given of which the plaintiff complained is as follows:

"You are instructed that if you find from the evidence that the plaintiff retained the original contract of guaranty of the Williams note, and that the note sued on was not given in settlement of said contract of guaranty, but was simply given for the convenience and accommodation of plaintiff, and that defendant received no benefit, and the plaintiff suffered no detriment by reason of the execution of said note, then said note is without consideration, and defendants are not liable thereon, and your verdict should be for the defendants."

This instruction reasonably and fairly states the law as to the particular question in controversy. It is undisputed in this case that the guaranty and note were given for the purpose of answering for the obligations of the makers of the original note, W. J. Williams and Frances I. Williams, and the law is well settled that a contract or guaranty made subsequent and not at the time of the creation of the original obligation must be supported by a distinct consideration. Clements et al. v. Jackson County Oil & Gas Co. et al., 61 Okla. 247, 161 Pac. 216, L. R. A. 1917C, 437; Hetherington v. Hixon, 46 Ala. 297. The court therefore committed no prejudicial error in the giving of said instruction.

Under the question presented here, the only theory upon which the plaintiff could prevail would be that the note and contract is conclusive as to consideration and purpose for which the instruments were given. That is not the law. Section 4066, Rev. Laws 1910, section 4078, Rev. Laws 1910.

The Supreme Court of Kansas held on this question:

"Although the terms of a written obligation, assumed to be valid, cannot be varied by parol, it may be shown by parol what caused the party thus to obligate himself, and thereby test the question whether he is legally bound, as the writing imports, or whether he is by any cause wholly or parti-

ally freed from liability thereon." Rice v. Rice, 101 Kan. 20, 165 Pac. 799; 3 R. C. L. 943, 924.

The judgment of the lower court should therefore be affirmed.

By the Court: It is so ordered.