**LINDSAY STATE BANK v. FORBIS, Adm'x.**

No. 14299—Opinion Filed Nov. 18, 1924.

Rehearing Denied Dec, 30, 1924.

Application to File Second Rehearing Denied April 7, 1925.

(Syllabus.)

**1. Bills and Notes — Defenses — Want of Consideration.**

As between the original parties to a note, or between the payor and any person not a holder in due course, the consideration for the note may always, in the absence of an estoppel, be inquired into, and a want or failure of consideration constitutes a good defense.

**2. Appeal and Error—Question of Fact— Verdict—Lack of. Consideration for Note.**

Whether a note made the basis of an action was executed without consideration for the accommodation of the payee thereof, or whether it was executed for the accommodation of a third person was a question of fact for the determination of the jury and the verdict of the jury will not be disturbed if it is reasonably sustained by competent evidence.

Error from District Court, Grady County; Will Linn, Judge.

Action by the Lindsay State Bank against Annie Forbis, administratrix. Judgment for defendant, and plaintiff brings error. Affirmed.

J. S. Garrison, Barefoot & Carmichael, and Horton & Horton, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

NICHOLSON, J. The Lindsay State Bank, as plaintiff, brought suit against L. J. Gibson as defendant, to recover the sum of $2,359.50, with interest and attorney's fee, upon a promissory note made, executed, and delivered by said defendant to the plaintiff, and afterwards brought suit against T. C. Forbis and L. J. Gibson to recover the sum of $2,444.17, with interest thereon, upon a promissory note made, executed, and delivered by T. C. Forbis to said plaintiff, and indorsed by the defendant L. J. Gibson. The defendant Gibson answered in both cases admitting the execution of the one note, and the indorsement of the other, but pleaded that said note was given and said indorsement made solely as an accommodation to the bank, and that she received no consideration therefor. After these answers were filed, the defendant L. J. Gibson died, and the cause was revived in the name of Mrs. Annie Forbis, administratrix of the estate of L. J. Gibson, deceased, who adopted the answers theretofore filed. The causes were consolidated and a trial resulted in a verdict for the defendant, upon which judgment was duly entered and to review which the bank has appealed.

It is first urged that the answers filed failed to state facts sufficient to constitute a defense to the cause of action pleaded in plaintiff's petition, and that the court erred in overruling the plaintiff's objection to the introduction of any testimony thereunder.

The pertinent portion of the answers in the first case is as follows:

"For further answer herein if need be, this defendant says that said note is not a valid and binding obligation of this defendant; that she never received any consideration for the execution of the same, but that the same was executed solely for the accommodation of the payee in said note, the Lindsay State Bank. She further says that in the year 1920, one T. C. Forbis was indebted to the Lindsay State Bank in a large sum of money far in excess of the amount said bank was permitted to loan to any one person, and that she, the defendant herein, is the mother-in-law of T. C. Forbis. That after said bank had advanced to the said T. C. Forbis a sum in excess of the amount it was permitted by law to advance to said T. C. Forbis, the said bank divided said indebtedness and made a note for approximately one-half of the indebtedness of the said T. C. Forbis to said bank and had said note signed by the son of said T. C. Forbis in order to deceive the bank commissioner of the state of Oklahoma, and in order to cause the records of said bank to show that the indebtedness of said T. C. Forbis to said bank did not exceed the amount said bank was permitted to loan to one customer, under the law. That after the execution of said note to said bank by the son of the said T. C. Forbis, who was a minor, the bank commissioner ascertained said fact and thereupon directed the officers of said bank to obtain a new note and have same signed by some other person than the said minor son of the said T. C. Forbis. That the said T. C. Forbis and the cashier of said bank, Clay Duval, M. C. Perry, and J. S. Garrison, directors and stockholders of said bank, represented and stated to this defendant that if she would sign a note to the plaintiff bank, being the note herein sued upon, that they could carry the same as an asset of said bank, and the excess loan made by said bank to the said Forbis would not appear on the books of said bank as an excess loan, and that said note could be carried by said bank as an asset, but that said bank would not look to this defendant for the payment of said note, but would collect the same from the said T. C. Forbis. That

said parties representing said bank agreed to and with this defendant that she would not be bound upon said note, but was simply making same for the accommodation of the said Lindsay State Bank, and that said note would not be obligation of this defendant. That under said circumstances above described and by reason of such representations, this defendant herein executed said note; that no consideration whatever passed from said bank to this defendant for the execution of said note; that the defendant is not now, nor never has been indebted to said bank in any sum."

The answer in the second case is substantially the same as the above, and avers that the indorsement of the note therein involved was made solely for the accommodation of the bank, and without any consideration passing to the defendant. These answers pleaded facts showing that the one note was executed, and the other indorsed without consideration, and solely for the accommodation of the bank.

By the provisions of section 7698, Comp. Stat. 1921, absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained or liquidated amount, or otherwise. The plaintiff was the payee of the note, and as between it and Mrs. Gibson, the payor, the want or failure of consideration in the absence of an estoppel, constituted a good defense. Oilton State Bank v. Ross, 108 Okla. 24, 234 Pac. 567; 8 Cyc. 31; Bank of Commerce of Sulphur v. Webster et al., 70 Okla. 68, 172 Pac. 943; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765. Therefore, the answer stated a defense and the court properly so held.

It is next contended that the court erred in overruling the plaintiff's demurrer to the defendant's evidence. This depends upon whether there was evidence snowing that the note and indorsement were made without consideration, and for the accommodation of the bank.

There is some conflict in the evidence, but that on behalf of the defendant tends to support the averments of her answers, and shows that the defendant executed and indorsed the notes without consideration, and for the accommodation of the bank. Indeed, the bank does not contend that any consideration passed to the defendant Gibson, but its contention seems to be that she executed and indorsed the notes for the accommodation of Forbis. Under these circumstances, the court did not err in overruling the demurrer to the evidence. The question of whether the notes involved were given without consideration for the accommodation of plaintiff, or whether they were given for the accommodation of Forbis, was one of fact for the determination of the jury. The jury found for the defendant, and. as there is competent evidence reasonably tending to support the verdict, the same will not be disturbed.

Complaint is made of the court's instruction No. 5, but the record fails to disclose that the plaintiff excepted to the giving of such instruction, hence the error, if any, in this regard cannot be considered here.

The question whether the facts pleaded in the answer were violative of public policy and whether by reason of such public policy the defendant was estopped to plead such matters have not been raised in this case.

The judgment is affirmed.

McNEILL, C. J., and BRANSON, JOHNSON, MASON, WARREN, and GORDON JJ., concur.