**PRICE et al. v. CENTRAL NAT. BANK.**

No. 13987—Opinion Filed April 21, 1925.

(Syllabus.)

1. **Action—Joinder of Causes—Suit on Notes with Different Makers but Secured by Same Mortgage.**

Although ordinarily a cause of action based on the note of K. cannot be joined in the same case with a cause of action based on the note of K., P., and C., yet where K., at the time he executed said notes, made and delivered his mortgage securing each of said notes, both causes of action, under the last subdivision of section 266, Comp. St. 1921, may be joined in a suit to foreclose said mortgage.

2. **Bills and Notes—Defenses of Accommodation Maker.**

In an action on a promisory note between the original parties thereto, allegations in the defendant's answer that it was executed at the request of the plaintiff and for the plaintiff's accommodation and without con-sideration state a defense, and it is error for the trial court to sustain plaintiff's motion for judgment on the pleadings.

Error from District Court, Le Flore County; E. F. Lester, Judge.

Action by the Central National Bank against Earl Kilgore, W. D. Cooper, and W. Price. Judgment for plaintiff against the defendants Cooper and Price, from which they appeal. Reversed and remanded.

Tom W. Neal and Caswell S. Neal, for plaintiffs in error.

R. P. White and L. V. Reid, for defendant in error.

MASON, J. The defendant in error, Central National Bank, as plaintiff, brought suit against Earl Kilgore, W. D. Cooper, and W. Price, as defendants, to recover judgment on two promissory notes and for foreclosure of a mortgage on an automobile given to secure both notes.

The parties will be referred to as they appeared in the trial court.

In the petition, three separate causes of action are separately stated and number-ed.

In the first cause of action it is alleged that the defendant Kilgore executed and delivered to the plaintiff for a valuable consideration his promissory note for $300, and that the balance still due thereon amounts to $210, all of which is past due and unpaid, and judgment is prayed against the defendant Kilgore for that sum.

In the second cause of action, it is alleged that all of the defendants, Earl Kilgore, W. D. Cooper, and W. Price, at the same time and for a valuable consideration, executed and delivered to the plaintiff their promissory note for the sum of $700, and that said note is past due and unpaid, and judgment is prayed against all of the defendants for the amount due.

The third cause of action alleges that at the same time and place the notes sued on in the first and second causes of action were executed, and as a part and parcel of the same transaction, and to secure said notes in the order named in the petition, the defendant Earl Kilgore executed, acknowledged, and delivered to the plaintiff a chattel mortgage upon a certain automobile. Foreclosure of said mortgage is sought because said notes were each past due and unpaid.

To this petition, the defendants Price and Cooper filed their separate demurrer on the grounds that there was a misjoinder of par-

ties defendant, and a misjoinder of causes of action, which was overruled by the trial court.

The defendants Price and Cooper then filed their separate answers.

The answer of defendant Price contains a general and a separate denial of any liability on account of the first cause of action.

For answer to the second cause of action, he admits the execution of the note sued on, as surety, but denies any liability on it, alleging that the note was executed at the special instance and request of the plaintiff and for the plaintiff's accommodation, and that at the time of the execution of said note no consideration passed to him or any other person at his request, and that the cashier of the plaintiff bank stated and agreed with him that if he would sign said note, the plaintiff, before accepting said note, would procure the defendant Kilgore to execute to him a chattel mortgage on the automobile described in the plaintiff's petition, securing him fully for his indorsement. The answer then alleges that the plaintiff failed to have such mortgage executed, and therefore the plaintiff was not entitled to possession of the note and the same created no liability against the defendant Price and in favor of the plaintiff. Said answer then proceeds as follows:

"For further answer. this defendant states that at the time of the execution of said note by plaintiff and the conditional delivery thereof to the plaintiff as above set out in paragraph B of this answer, the plaintiff herein, acting by and through its cashier, Tom Nolley, stated and represented to this defendant that the plaintiff at the time had a mortgage on said car, executed by one Earl Kilgore, to secure the sum of $300 and that in the event the said Earl Kilgore failed to pay the sum of $300 or any part thereof when due that the plaintiff herein would forclose on said car and return to this defendant the note signed by this defendant and satisfy the same, and in no event should this defendant be liable to pay said note to plaintiff and this defendant alleges that said Earl Kilgore wholly failed to pay and satisfy said sum of $300 when, and as, the same became due, and the plaintiff herein wholly failed to foreclose said $300 mortgage, which it represented to this defendant that it held against the said car and failed to release and satisfy and redeliver to this defendant the said $700 note set forth in plaintiff's second cause of action, and because of such failure aforesaid and each and all of the acts and representations aforesaid, this defendant states and alleges that said note for the said $700 is fully satisfied and

no liability exists against this defendant in favor of the plaintiff."

The defendant then prays that the plaintiff take nothing by reason of the second cause of action.

For answer to plaintiff's third cause of action, the defendant Price disclaims any interest, right, and title to the possession of the property therein described.

The answer of the defendant Cooper contains a general denial of any liability on account of the plaintiff's first and second causes of action.

For further answer to plaintiff's second cause of action, he alleges as follows:

"This defendant admits the execution of the note set out in plaintiff's petition, but denies that he is indebted to the plaintiff in any sum thereon, for this to wit: This defendant states the fact to be that at the time of the execution of said note for seven hundred dollars by this defendant, that he was acting as porter for the Central State Bank, the plaintiff herein, and that the said plaintiff, acting by and through its cashier, Tom Nolley, came to this defendant and requested him to sign said note as an accommodation to the plaintiff herein, and gave him the sum of $10 for signing said note, assuring him at the time that said note was purely a matter of accommodation to the plaintiff, the defendant's employer, and that payment thereon would not be required of this defendant, and further answering, this, your defendant, states as to the second cause of action of the plaintiff herein, that said plaintiff herein, when this defendant signed and executed said note for the consideration and purposes as above set out in paragraph B of this answer, stated and represented to the defendant herein that the plaintiff had a mortgage on the car set out in plaintiff's petition for the sum of $300, payable at $50 per month, executed by Earl Kilgore. and that if said sum of $300 was not paid when due and as due, plaintiff herein would foreclose and take the car in question set out in plaintiff's petition and there more particularly described, and cancel the note of this defendant, and this plaintiff wholly failed to do, though defendant Kilgore made default in payment of the said $300 as set out in plaintiff's first cause of action."

The defendant then disclaims any interest, right, or title to the property described in plaintiff's third cause of action. He then prays that the plaintiff take nothing by reason of any of said causes of action.

The plaintiff filed motions for judgment upon the pleadings against the defendants Price and Cooper, which were by the court sustained and judgment was rendered

against said defendants for the amount sued for in plaintiff's second cause of action, from which said defendants Price and Cooper have perfected their appeal upon transcript, which does not disclose the disposition of the case as to the first and third causes of action.

For reversal, plaintiffs in error contend that the trial court erred in overruling their separate demurrer to the petition of the plaintiff.

Section 266, Comp. Stat. 1921, makes provision for the joinder of causes of action, and provides that:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any of the following classes: First: The same transaction, or transactions connected with the same subject of action. * * *"

The term "transaction," as used in this statute, has been defined in the case of Stone v. Case, 34 Okla. 5, 124 Pac. 960, as follows:

"The term 'transaction' is used in the first clause with reference to, and expressive of, all the acts, or groups of related acts, which go to make up one entire project, system, or deal, referred to as a transaction."

It is readily seen that the cause of action joined in the petition arose out of the same transaction, and under the first subdivision of the above statute may be joined in the same petition.

This position does not seem to be questioned in the brief of plaintiffs in error, but they contend that each cause of action set out in the petition must affect each of the parties to the case. Many cases are cited in support of this contention, which seems to be the general rule; however, it is not required that each cause of action affect each party to the case alike or equally. 23 Cyc. 429.

From reading the petition, we are of the opinion that each cause of action set out therein affects each of the defendants to this case. The suit is to foreclose a mortgage securing the two promissory notes sued on, and to apply the funds arising from such sale to the payment of these notes, and certainly the defendants Price and Cooper are interested in the application of the funds arising from the sale of the mortgaged property, and therefore they are not only proper but necessary parties to the foreclosure of the mortgage. If, however, we were to hold that the plaintiffs in error were not

affected by each cause of action in the petition, yet their contention would not be well taken by reason of the last subdivision of section 266, Comp. Stat. 1921, supra, which states the exception in the following language:

"But the causes of action so united must all belong to one of these classes, and must affect all of the parties to the action, except in actions to enforce mortgages or other liens."

The entire rule, as well as the exception under which we conclude this case falls, is fully stated in the case of Bryan v. Sullivan, 55 Okla. 109, 154 Pac. 1167, the syllabus of which provides:

"While under section 4738, Rev. Laws 1910 (sec. 266, Comp. Stat. 1921), civil causes of action may be joined in one suit, they cannot be so joined, except in actions to enforce mortgages or other liens, unless each cause of action stated affects each of the parties to the suit."

We therefore conclude that the trial court did not err in overruling the separate demurrer of the defendants Price and Cooper.

It is next urged that the trial court erred in holding that the answers of the defendants Price and Cooper failed to state facts sufficient to constitute a defense to the second cause of action pleaded in plaintiff's petition. It will be observed that the answers, which are set out herein, allege that the note was executed at the express instance and request of and for the accommodation of the bank and without any consideration. By the provisions of section 7698, Comp. Stat. 1921, absence or failure of consideration is a matter of defense as between the original parties to a note or as against any person not a holder in due course. The plaintiff bank was the payee of the note, and as between it and the defendants the want or failure of consideration, in the absence of an estoppel, constituted a good defense. Lindsay State Bank v. Forbis. 108 Okla. 126, 235 Pac. 470; Bank of Commerce of Sulphur v. Webster et al., 70 Okla. 68, 172 Pac. 943; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765. The answers clearly raise the question of whether or not there was any consideration for the note set out in the second cause of action. If said note, as between the parties thereto, was wholly without consideration, there could be no liability.

We therefore conclude that the trial court should have permitted the defendants to introduce their evidence on this question, which should have been submitted to the jury under proper instructions.

Some contention is made by the defendant in error that the allegations of the answers are merely conclusions, and therefore are not sufficient to tender an issue. We can see no merit in such contention. The allegations in the case at bar are practically the same as those in the case of Lindsay State Bank v. Forbis, supra.

We therefore conclude that the trial court erred in sustaining plaintiff's motion for judgment on the pleadings.

For the reason stated, the judgment of the trial court is reversed and the case is remanded, with directions to set aside the order sustaining the motion of plaintiff for judgment on the pleadings and to vacate the judgment against the plaintiffs in error herein and to proceed further in compliance with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

LESTER, J., disqualified and not participating.

Note.—See under (1) 1 C. J. p. 1101, § 264: 11 C. J. p. 723, § 541; (2) 8 C. J. pp. 259, 260, § 409; 31 Cyc. p. 608.