Note.—See under (1) 20 C. J. p. 111 § 109. (2) 20 C. J. p. 62 § 16. (3) 20 C. J. p. 113 § 109 (Anno); p. 114 § 111. (4) 20 C. J. p. 114 § 110; p. 118 § 119 (Anno). (5) 20 C. J. p. 61 § 13. (6) 4 C. J. p. 652 § 2541. See under (1-5) anno. 22 L. R. A. (N. S.) 1136; 41 L. R. A. (N. S.) 132; L. R. A. 1917A, 259; 9 R. C. L. pp. 1072-1084; 2 R. C. L. Supp. pp. 922, 923; 4 R. C. L. Supp. p. 635.

---

## ELLING v. BANK OF JEFFERSON.

No. 15728—Opinion Filed March 16, 1926.

(Syllabus.)

1. **Banks and Banking — Accommodation Notes Made to Third Party—Liability of Makers—Representations of Cashier no Defense.**

Where a cashier of a bank represents to persons executing promissory accommodation notes that the bank will loan money to a third party and the payors of the notes will not be called upon to pay the same, in the absence of a showing of specific authority

vested in the cashier to make such representations, such representations constitute no defense to an action by the bank on the notes.

**2. Same — Cashier's Representations Outside Scope of Authority.**

A bank cashier, as such, has no authority to bind the bank by a promise made to persons executing notes to a third party that the maker of the notes will not be required to pay the same, for the reason that the cashier was acting without the scope of his authority.

**3. Appeal and Error—Review—Lack of Defense to Action on Notes.**

Where there is no evidence reasonably tending to support the defense interposed by payors of notes in an action where the payors have admitted the execution of the notes sued upon, this court will not reverse the judgment of the trial court in sustaining a demurrer to the defendants' evidence and in rendering judgment for the plaintiff.

Error from District Court, Grant County; Claude Duval, Judge..

Action by the Bank of Jefferson against H. J. Elling for recovery on a note. Judgment for plaintiff, from which defendant appeals. Affirmed.

J. B. Drennen and Sam P. Riding, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

RILEY, J. The plaintiff in its petition in the court below alleges that the note sued upon was executed by the defendant to the Morrison Brothers Mill and by the said payee indorsed and transferred in due course to the plaintiff. The answer admits the execution of the note, but pleads a lack of consideration and that the plaintiff is not a holder in due course.

The facts disclosed by the record are in substance as follows:

The Bank of Jefferson, plaintiff, was engaged in the banking business in Jefferson, Grant county, Okla., under a capital stock of $10,000. The Morrison Brothers Mill was a corporation operating a flour mill in said town, and as such required considerable operating capital. The defendant was a citizen who lived in the community. The milling company required more capital than the bank was permitted to loan to one under the banking law. J. S. Kelley, cashier of the bank, called a meeting of citizens of the locality, urged the benefits of the mill to the community, stated the limitations of the bank under its capital, recommended the

safety of a loan to the milling company and pointed out the necessity of collateral notes to satisfy the bank examiner for additional loans from the bank for the benefit of the milling company and solicited the citizens to give their notes to the milling company for the purposes enumerated, and stated that the bank would see that the obligations of the milling company were paid out of the securities, assets, and deposits of the mill, and that in no event would the bank look to the makers of the notes.

The defendant contends that the plaintiff bank became the agent of the defendant.

The instrument given was an accommodation note wherein the defendant loaned his credit to the mill for the purpose of enabling it to borrow money from the bank, and it is unnecessary that any consideration should pass either from the mill or the bank to the maker of the note; it is sufficient that a consideration should have passed from the bank to the mill, and it is undisputed that such consideration in fact did pass. The note was not procured by the bank's cashier, Kelley, but by Morrison, the manager of the mill. The note as executed was payable to the milling company and indorsed and negotiated to the bank. In addition to the security afforded by the notes a bond issue against the mill secured by a mortgage on the mill property was added as collateral in amount equal to the note. The note was renewed from time to time.

In the early territorial case of Willoughby v. Ball, 18 Okla. 535, 90 Pac. 1017, it is said:

"Where one executes a promissory note for accommodation of another, and the payee advanced money thereon to such third party, the maker, when sued, cannot defeat recovery on the grounds that there was no consideration for its execution."

Plaintiff in error cites Gillis v. First Nat. Bank of Frederick, 47 Okla. 411, 148 Pac. 994. In that case we observe the following:

"At the outset we are confronted with this proposition: Whether or not * * * they would be entitled to urge as a defense therein the alleged agreement with the cashier that they would not have to pay the note. * * * The cashier had no such authority, and this question was not properly in the case and the defendant had no right to have the same submitted to the jury upon any theory. * * * Section 942, Revised Laws 1910 (section 5035, Compiled Oklahoma Statutes, 1921), provides:

" 'The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its subject-matter

which preceded or accompanied the execution of the instrument.'

"* * * It is a very general rule that a negotiable promissory note comes within the language of this statute, and when once executed, parties will not be permitted to show, by parol testimony, that an agreement was had with the payee or holder of such paper not to enforce payment against the person or persons liable thereunder. Thisler v. Mackey, 65 Kan. 464, 70 Pac. 334; 17 Cyc. 589. And it is well established that a bank cashier or president has no authority to promise a person executing a note to the bank that the maker will not be required to pay the note, and such a promise, if made, is not binding upon the bank." Blair v. McQuary (Kan.) 189 Pac. 948.

So, the defendant having executed the promissory note for accommodation of the milling company, and the milling company having indorsed the note to the bank, and the bank having advanced additional credit by reason of the note to the payee, we hold that the payer cannot defeat recovery on the ground of lack of consideration, and that a promise on the part of the cashier of the bank to the payor of the note to the effect that in no event would the payor be called upon to pay the note is not binding upon the bank in the absence of an expressed showing to that effect, in that such promise is beyond the scope of the authority vested in such bank cashier. See Wilkin-Hale Bank v. Herstein, 48 Okla. 628, 149 Pac. 1109; Bank of the United States v. Dunn (U. S.) 8 L. Ed. 316; Breyfogle v. Walsh. 71 Fed. 898. 77 Am. Dec. 763; R. C. L. vol. 3, p. 451; Hazelett v. Wilkins. 42 Okla. 20, 140 Pac. 410, Clift v Hart. 61 Okla. 233, 160 Pac. 912; Dieterle v. Harris, 66 Okla. 314, 169 Pac. 873.

We think the conclusion reached thus far is not contrary to the decision in Lindsay State Bank v. Forbis, Adm'x, 108 Okla. 126, 235 Pac. 470, for in that case the bank procured Mrs. Gibson to sign the notes for the bank's accommodation to cover an excessive loan to another for the purpose of deceiving the Bank Commissioner, and not for the accommodation of a third party and without further extension of credit to him, or for an extension of past due indebtedness to such third party. Likewise this conclusion is distinguishable from the case of Edwards v. City Nat. Bank of McAlester, 83 Okla. 204. 201 Pac. 233. There parol evidence was held to be admissible to show a collateral oral agreement between the bank and an accommodation obligor as to the manner in which the bank should handle certain funds to be paid by the third person in liquidation of the obligor's note, and wherein such funds paid by the third person were not applied in accordance with the oral agreement. In the case at bar there is no proof but to the effect that the funds derived of the third person, Morrison Milling Company, were applied to the lessening of the obligation for which this maker of the note with other citizens of the community involved in the transaction were, by their acts, bound. We are of the opinion that the exception to the general rule as announced in those cases does not apply to the facts in this case.

In the case before us there is a total absence of any showing that the cashier, Kelley, had any authority to bind the plaintiff bank by his statement to the effect that the defendant would never be called upon to pay the note, and this court has repeatedly held that a bank cashier has no authority, as such, to bind the bank by a promise to a person executing a note that the maker will not be required to pay such note. Gillis v. First Nat. Bank of Frederick, supra.

The defendant having admitted the execution of the note, and the burden of proof having then been upon the defendant to defeat a recovery upon a proper showing, and the defendant having failed by his proof in this, and the court having sustained the demurrer of plaintiff to defendant's evidence. and having rendered judgment for the plaintiff upon the facts disclosed by the record, under the authority of the above cited cases we are of the opinion that the judgment of the lower court should be affirmed.

BRANSON, V. C. J., and HARRISON. HUNT, and CLARK, JJ., concur.

Note.—See under (1, 2) 7 C. J. p. 558 § 163 (Anno); 28 L. R. A. (N. S.) pp. 501. 511; 3 R. C. L. p. 448. (3) 4 C. J. p. 904 § 2873 (Anno).