which preceded or accompanied the execution of the instrument.'

"* * * It is a very general rule that a negotiable promissory note comes within the language of this statute, and when once executed, parties will not be permitted to show, by parol testimony, that an agreement was had with the payee or holder of such paper not to enforce payment against the person or persons liable thereunder. Thisler v. Mackey, 65 Kan. 464, 70 Pac. 334; 17 Cyc. 589. And it is well established that a bank cashier or president has no authority to promise a person executing a note to the bank that the maker will not be required to pay the note, and such a promise, if made, is not binding upon the bank." Blair v. Mc-Quary (Kan.) 189 Pac. 948.

So, the defendant having executed the promissory note for accommodation of the milling company, and the milling company having indorsed the note to the bank, and the bank having advanced additional credit by reason of the note to the payee, we hold that the payor cannot defeat recovery on the ground of lack of consideration, and that a promise on the part of the cashier of the bank to the payor of the note to the effect that in no event would the payor be called upon to pay the note is not binding upon the bank in the absence of an expressed showing to that effect, in that such promise is beyond the scope of the authority vested in such bank cashier. See Wilkin-Hale Bank v. Herstein, 48 Okla. 628, 149 Pac. 1109; Bank of the United States v. Dunn (U. S.) 8 L. Ed. 316; Breyf gle v. Walsh. 71 Fed. 898. 77 Am. Dec. 763; R. C. L. vol. 3, p. 451; Hazelett v. Wilkins, 42 Okla. 20, 140 Pac. 410, Clift v Hart. 61 Okla. 233, 160 Pac. 912; Dieterle v. Harris, 66 Okla. 314, 169 Pac. 873.

We think the conclusion reached thus far is not contrary to the decision in Lindsay State Bank v. Forbis, Adm'x, 108 Okla. 126, 235 Pac. 470, for in that case the bank procured Mrs. Gibson to sign the notes for the bank's accommodation to cover an excessive loan to another for the purpose of deceiving the Bank Commissioner, and not for the accommodation of a third party and without further extension of credit to him, or for an extension of past due indebtedness to such third party. Likewise this conclusion is distinguishable from the case of Edwards v. City Nat. Bank of McAlester, 83 Okla. 204. 201 Pac. 233. There parol evidence was held to be admissible to show a collateral oral agreement between the bank and an accommodation obligor as to the manner in which the bank should handle certain funds to be paid by the third person in liquidation of the obligor's note, and wherein such funds

paid by the third person were not applied in accordance with the oral agreement. In the case at bar there is no proof but to the effect that the funds derived of the third person, Morrison Milling Company, were applied to the lessening of the obligation for which this maker of the note with other citizens of the community involved in the transaction were, by their acts, bound. We are of the opinion that the exception to the general rule as announced in those cases does not apply to the facts in this case.

In the case before us there is a total absence of any showing that the cashier, Kelley, had any authority to bind the plaintiff bank by his statement to the effect that the defendant would never be called upon to pay the note, and this court has repeatedly held that a bank cashier has no authority, as such, to bind the bank by a promise to a person executing a note that the maker will not be required to pay such note. Gillis v. First Nat. Bank of Frederick, supra.

The defendant having admitted the execution of the note, and the burden of proof having then been upon the defendant to defeat a recovery upon a proper showing, and the defendant having failed by his proof in this, and the court having sustained the demurrer of plaintiff to defendant's evidence. and having rendered judgment for the plaintiff upon the facts disclosed by the record, under the authority of the above cited cases we are of the opinion that the judgment of the lower court should be affirmed.

BRANSON, V. C. J., and HARRISON. HUNT, and CLARK. JJ., concur.

Note.—See under (1, 2) 7 C. J. p. 558 § 163 (Anno); 28 L. R. A. (N. S.) pp. 501. 511; 3 R. C. L. p. 448. (3) 4 C. J. p. 904 § 2873 (Anno).

---

### DAVIS v. BANK OF JEFFERSON.

No. 15732—Opinion Filed March 16, 1926.

Error from District Court, Grant County; Claude Duval, Judge.

Action by the Bank of Jefferson against Ross Davis for recovery on a note. Judgment for plaintiff, from which defendant appeals. Affirmed.

J. B. Drennen and Sam P. Ridings, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

RILEY, C. There being no substantial difference in the facts and law applicable in this cause and cause No. 15728, H. J. Elling v. Bank of Jefferson, wherein an opinion is this day rendered, the syllabus and opinion therein rendered are adopted as the syllabus and opinion herein, and the judgment of the trial court is affirmed. (See 114 Okla. 147, 244 Pac. 793.)

## HUSTED v. BANK OF JEFFERSON.

No. 15731—Opinion Filed March 16, 1926.

Error from District Court, Grant County; Claude Duval, Judge.

Action by the Bank of Jefferson against D. L. Husted for recovery on a note. Judgment for plaintiff, from which defendant appeals. Affirmed.

J. B. Drennen and Sam P. Ridings, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

RILEY, J. There being no substantial difference in the facts and law applicable in this cause and cause No. 15728, H. J. Elling v. Bank of Jefferson, wherein an opinion is this day rendered, the syllabus and opinion therein rendered are adopted as the syllabus and opinion herein, and the judgment of the trial court is affirmed. (See 114 Okla. 147, 244 Pac. 793.)

## DAVIS v. BANK OF JEFFERSON.

No. 15730—Opinion Filed March 16, 1926.

Error from District Court, Grant County; Claude Duval, Judge.

Action by the Bank of Jefferson against E. E. Davis for recovery on a note. Judgment for plaintiff, from which defendant appeals. Affirmed.

J. B. Drennen and Sam P. Ridings, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

RILEY, J. It being stipulated and agreed by and between the plaintiff in error and the defendant in error that the opinion in the case of H. J. Elling v. Bank of Jefferson, No. 15728, this day decided, shall apply to and be adopted as the decision in this cause, the stipulation and agreement is approved, and the judgment of the trial court is affirmed herein (See 114 Okla. 147, 244 Pac. 793.)

## PATRICK v. SMITH.

No. 16718—Opinion Filed March 16, 1926.

Error from District Court, LeFlore County; D. C. McCurtain, Judge,

Action between R. E. Patrick and Frank Smith. From the judgment, the former brings error. Reversed and remanded.

White & Reid, for plaintiff in error.

Varner & Taylor, for defendant in error.

PER CURIAM. Upon the authority of Ellis v. Outler, 25 Okla. 468, 108 Pac. 957, this cause is reversed and remanded, for failure of the defendant in error to file a brief, for a new trial, according to rule 7 of this court.

## DRYDEN v. POWELL, Sheriff, et al.

No. 16583—Opinion Filed March 16, 1926.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action between C. L. Dryden and J. T. Powell, Sheriff of Cherokee County, Okla., et al. From the judgment, the former brings error. Reversed and remanded.

Bruce L. Keenan, for plaintiff in error.

W. W. Miller, Co. Atty., for defendants in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 468, 108 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court.

## BARGINDE v. KOPP.

No. 16578—Opinion Filed March 16, 1926.

Error from District Court, Tulsa County; Luther James, Judge.

Action between Sigrid Barginde and Frank C. Kopp. From the judgment, the former brings error. Reversed and remanded.

H. F. Fulling, for plaintiff in error.

Paul O. Wilson and C. R. Thurlwell, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 468, 108 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court.