### KEEN BOTTLING CO. v. MORGAN.

No. 20606. Opinion Filed Jan. 19, 1932.

Stevens & Cline, for plaintiff in error.

Ray & Thomas, for defendant in error.

LESTER, C. J. The parties will be referred to as they appeared in the court below.

This is an appeal from the district court of Comanche county. The plaintiff commenced an action by filing a petition in the district court in which he alleged negligence on the part of the defendant, a corporation, in the operation of a certain truck owned and operated by its servant, agent and employee of the defendant; that on the 19th day of October, 1926, plaintiff was driving west from the city of Lawton between the city of Lawton and the town of Cache, and was driving his own automobile; that while driving west at a point about seven miles west of Lawton, and within Comanche county, the plaintiff saw the defendant's truck approaching, being driven by one H. H. White. That said truck was being used by the defendant for the purpose of delivering merchandise; that the driver of said truck was operating same in a careless and reckless manner and without regard to the plaintiff or others traveling upon said highway; that this plaintiff was about to

meet the truck of the defendant near a small culvert and that he brought his car to the right-hand side of the road and stopped; that immediately thereafter the defendant's truck struck his automobile, damaging said car and injuring the plaintiff and causing the plaintiff loss of time in his vocation.

To this petition the defendant filed an answer denying generally the allegations in plaintiff's petition and alleging as further defense that if plaintiff were injured, either in person or property, at the time mentioned in the petition, such injury was caused and due to an intervening cause and agency over which the defendant had no control, in that the truck of the defendant was on the highway at the time stated and that he was driving east over said highway and across the culvert or bridge as mentioned in plaintiff's petition and without fault on the part of the agent of this defendant in operation of the said truck that a Ford automobile driven by one T. N. Wilson came around the car of the plaintiff and between said plaintiff's car and the truck of the defendant and struck the wheel of the defendant's truck; and that the driver of the defendant's truck then lost control of said truck and that the truck struck plaintiff's car standing by the road. This, in substance, is the answer of the defendant. A reply of general denial was filed. The issues being joined, the cause was submitted to a jury under the instructions of the court. The jury returned a verdict for the plaintiff, fixing the amount of recovery in the sum of $590. Upon said verdict the court rendered judgment for the sum mentioned with interest thereon from the 15th day of January, 1929, and costs of the action.

The defendant assigns several specifications of error, only two of which are necessary for a determination of the propositions presented to this court: "That the verdict is contrary to law and evidence." "That the court erred in giving instructions to the jury over the objections of the defendant and in failing to give certain instructions tendered by the defendant at the trial."

The evidence shows that the plaintiff saw that his car and the defendant's truck were about to meet on or near a culvert. He drove his car to the right-hand side of the road about 30 or 35 feet before reaching the culvert and stopped his car. The Ford car driven by one Nelson came around the plaintiff passing on the left, and collided with the defendant's truck in such a way as to throw it off the road to the left after passing the truck; that the truck then came across the culvert and continued diagonally across the road and struck plaintiff's car. Plaintiff's evidence shows that the Ford car had crossed the culvert at the time it collided with the defendant's truck; that immediately after the collision the driver of the truck looked back at the Ford car and while looking back lost direction or control of his truck and drove into the plaintiff's car. The driver of the truck testified that the truck had passed over the culvert and it was struck by the Ford car and the defendant's truck collided with plaintiff's car.

The evidence in this case, as was stated by the plaintiff in error in its brief herein, is in sharp conflict. As to the sufficiency of the evidence, the weight and value to be given the testimony of the witnesses, though conflicting, was a question of fact to be determined by the jury under the proper instructions of the court.

The defendant complains that the court erred in giving its instructions Nos. 3 and 4. We have examined these instructions and find that they fairly state the law applicable to the evidence. The defendant also complains of the court's refusal to give certain instructions requested by the defendant. The court gave all instructions necessary under the issues.

The evidence of negligence was sufficient to cause the same to be submitted to the jury, and the court's instructions being sufficient in law, it follows that the verdict of the jury and judgment rendered thereon by the court will not be disturbed on appeal.

Judgment of the lower court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.