### CENTRAL NATIONAL BANK OF ALVA v. BAKER.

No. 25905. Oct. 29, 1935.

R. M. Chase, A. J. Stevens, and George M. Frittz, for plaintiff in error.

Ross Rizley and Orlando F. Sweet, for defendant in error.

PER CURIAM. This action was instituted in the district court of Texas county, Okla., by the plaintiff, Central National Bank, of Alva, Okla., against the defendant, R. F. Baker, to recover on a promissory note in the principal sum of $2,017.05, dated June 1, 1932, with interest thereon from maturity. The petition of the plaintiff is in stock form. In answer to the petition, the defendant, R. F. Baker, pleads in substance that the note sued upon was a renewal of a former note in the sum of $1,500, given for the sole accommodation of the Farmers & Merchants National Bank of Hooker, Okla.; that there was no consideration for the original accommodation note, and that the plaintiff, Central National Bank of Alva, Okla., was not an innocent purchaser for value before maturity, or holder in due course; that the Central National Bank, of Alva, Okla., and the Farmers & Merchants Nat. Bank, of Hooker, Okla., had interlocking offices and directors, and that all transactions pertaining to the execution and delivery of the various promissory notes were well known to the plaintiff bank prior to the time of the purchase of the promissory note sued upon in this case.

The reply consists of a general denial and a charge of fraud on behalf of the defendant and one of the officers of the Farmers & Merchants National Bank, of Hooker, Okla.

The case was tried before a jury, and resulted in a verdict and judgment in favor of the defendant. From this judgment the plaintiff prosecutes this appeal.

Counsel for plaintiff in error assign 13 errors as their ground for reversal, but present them in their brief under four general heads, the first of which is that the trial court erred in overruling plaintiff's motion for judgment on the pleadings; (2) in overruling the objection of plaintiff to the introduction of evidence on the part of defendant; (3) in the overruling the demurrer of plaintiff to the evidence of defendant, and (4) refusing to direct a verdict for plaintiff at the close of all the testimony.

Plaintiff takes the position that the defense of want of consideration is available only against the party accommodated, and it is immaterial that the holder knows that the paper was accommodation paper; in other words, that the plaintiff is a holder in due course, and that defenses available against the party accommodated are not available against the plaintiff.

In support of their contention they cite the following cases: Willoughby, Receiver, v. Ball, 18 Okla. 535, 90 P. 1017; Milburn v. Miners & Citizens Bank, 101 Okla. 281, 226 P. 42; Elling v. Bank of Jefferson, 114 Okla. 147, 244 P. 793; First National Bank of Tulsa v. Boxley, 129 Okla. 159, 264 P. 184.

On the other hand, the attorneys for the defendant distinguish the authorities cited by the plaintiff, and take the position that the note, of which the note sued upon is a renewal, was executed for the accommodation of the Farmers & Merchants National Bank of Hooker, Okla., and not a third person; that the plaintiff in error was not a holder in due course, and that there was no consideration of any kind or character to the defendant in error for the execution of said note, and that the plaintiff cannot accept the benefits of an ultra vires contract, if the contract was ultra vires, and then plead its own unlawful act as a defense.

The precise point for decision, as raised by the plaintiff's first proposition of error, is whether or not a note made the basis of an action, executed without consideration, for the accommodation of a third person, is a question of fact for the determination of a

jury, or a question of law to be determined by the court.

An examination of the pleadings reflects that the answer filed by the defendant, if supported by the facts, constitutes a good defense to the plaintiff's petition. The lower court, therefore, did not err in overruling the plaintiff's motion for judgment upon the pleadings. To determine whether or not there was sufficient evidence to justify the court in permitting the jury to pass upon the fact, we must determine whether or not there was any evidence which might reasonably establish that the original note executed to the Farmers & Merchants National Bank of Hooker, Okla., was executed without consideration and for the accommodation of the payee; and next, whether or not the plaintiff herein was a holder in due course.

Before examining the facts, let us dispose of the question of whether or not the case should have gone to the jury.

Supporting the position of the lower court, counsel for defendant in error cite the case of Lindsey State Bank v. Forbis, 108 Okla. 126 235 P. 470, which we find in point and desire to follow, wherein this court has held:

"Whether a note made the basis of an action was executed without consideration for the accommodation of the payee thereof, or whether it was executed for the accommodation of a third person, was a question of fact for the determination of the jury, and the verdict of the jury will not be disturbed if it is reasonably sustained by competent evidence."

Concluding that the question was one properly submitted to the jury under appropriate instructions of the court, we next consider whether or not the verdict of the jury is supported by the evidence, and did the court err in refusing to direct a verdict?

The testimony of the defendant, R. F. Baker, which is corroborated by the witness D. P. Metcalf, which was in most respects uncontroverted, discloses that the note sued upon, which is the renewal of a former note, was executed for the sole purpose of accommodating the Farmers & Merchants National Bank, of Hooker, Okla.

Considering next whether or not the plaintiff was an owner and holder in due course, we find that the jury properly considered the note that was last given, previous to the note sued upon, which was dated September 1, 1931, and became due December 1, 1931, and which was extended to March 1, 1932. The record discloses that the plaintiff purchased said note on March 30, 1932, or 29 days after it became due. It cannot be said, therefore, that the plaintiff was a holder in due course, and said note being executed primarily for the accommodation of the Farmers & Merchants National Bank of Hooker, Okla., and the plaintiff not being a holder in due course, the jury, without question, arrived at a proper conclusion, and the lower court did not err in refusing to direct a verdict for the plaintiff at the close of all the testimony.

In support of this position, counsel cite the following cases: Price et al. v. Central National Bank, 108 Okla. 208, 235 P. 1088; Bartles v. Suter, 130 Okla. 7, 266 P. 753; Means v. Merchants State Bank, 97 Kan. 748, 156 P. 701.

The plaintiff's next assignment of error deals with the giving of instructions to the jury, and the plaintiff contends that the fault with the instructions given lies in the fact that the case should not have been submitted to the jury at all. This proposition, is properly disposed of under the question heretofore decided, and is controlled by the case of Lindsey State Bank v. Forbis, 108 Okla. 126, 235 P. 470.

Proposition No. 3 treats with the refusal of the court to give plaintiff's requested instructions. Examination of these instructions reflects that the propositions of law therein involved had been properly covered by the instructions given by the court. They cite the case of Keen Bottling Co. v. Morgan, 154 Okla. 167, 7 P. (2d) 147:

"Refusal of requested instructions does not constitute error, where the court fully and fairly instructed jury on all material issues."

The plaintiff's last proposition of error assigns the admission of evidence on the part of the defendant in error over the objections of the plaintiff in error, and pertains to certain conversations between the defendant and the witness Metcalf. These conversations took place while the witness Metcalf was an officer of the bank, and properly touch the transaction involved, and cannot be classified as hearsay. We, therefore, conclude that there was no error in that respect.

From a consideration of the entire record, we hold that the plaintiff in error had a fair trial, and that the judgment should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles Skalnik, Herbert S.

French, and Garland Keeling in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Skalnik and approved by Mr. French and Mr. Keeling, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY. BUSBY, CORN, and GIBSON, JJ., concur.