## GEORGE v. GREER.

No. 34472. Dec. 2, 1952.

*250 P. 2d 858.*

Carder & Carder, Hobart, for plaintiff in error.

Tolbert & Gillespie, Hobart, for defendant in error.

HALLEY, V.C.J. The parties will be referred to according to the positions they occupied in the lower court, the reverse of their positions here.

The plaintiff brought suit for $500 for actual damage to his land and $125 for crop damage, claiming that water was being diverted from defendant's land to his land by the construction of dikes by

the defendant. The plaintiff owned the N.W./4 and the defendant the N.E./4 of section 17-6N.-15W. in Kiowa county, Oklahoma. The defendant built a dike on the south and west sides of his quarter section. The plaintiff claimed that this dike diverted flood waters from flowing over defendant's land and caused them to be concentrated and thrown upon plaintiff's land, and that as a result the land itself was damaged and also that his crops were damaged. Defendant contended that the dike was built only for the purpose of keeping off water that the plaintiff had caused to be thrown on defendant's land by a shelter belt that plaintiff had planted and permitted to grow and a fence constructed by plaintiff, which formed an obstruction causing flood waters to be forced over onto defendant's land; and that plaintiff had received no greater injury than he would have if the land had been permitted to remain in its original state, before plaintiff planted the shelter belt and built the fence.

Both plaintiff and defendant offered evidence on their theories of the lawsuit, and the matter was submitted to a jury and verdict rendered for plaintiff for $425 for injury to his land, and nothing was allowed for crop damage. From the judgment of the court overruling defendant's motion for new trial, he has appealed, and urges the following propositions:

(1) That the evidence is insufficient to support the verdict and that the court should have directed a verdict for the defendant;

(2) That the court erred in refusing to give defendant's requested instruction No. 2.

As to the first contention, several witnesses testified that the water that would have gone across defendant's land was thrown by the dike over and upon the land of the plaintiff, and that this water caused damage to plaintiff's land. We have held in several cases that a riparian owner has no right to construct a dike which in time of flood or heavy local rain will collect flood or overflow waters which would ordinarily flow on and across his land and throw water in large volume upon the lands of another so as to injure them. Town of Jefferson v. Hicks, 23 Okla. 684, 102 P. 79; Lowden et al. v. Bosler, 196 Okla. 205, 163 P. 2d 957. There was evidence offered by the defendant that the dike he erected only threw back the water that the shelter belt sent over his land and that the dike did not increase the flow of flood water over plaintiff's land. It was a fact question for the jury's determination, and the jury decided the case in favor of the plaintiff. We have said many times that in a law action the verdict of the jury is conclusive as to all disputed facts and all conflicting statements, and where there is any competent evidence reasonably tending to support the verdict of the jury this court will not invade the province of the jury and will not disturb its verdict. Freed Furniture Co. v. Criterion Advertising Co., Inc., 171 Okla. 92, 42 P. 2d 123.

The defendant further complains that there was not sufficient evidence to show the amount of damage to plaintiff's land in dollars. The plaintiff's testimony showed that there was permanent damage to his land resulting from a temporary cause. By simply removing the dike, the cause of plaintiff's injury could be removed. There was not a great deal of evidence as to the extent of the injury to his land, but the plaintiff testified that his land was damaged to the extent of $500, and no effort was made to cross-examine him as to the correctness of this figure or as to what it covered. Ordinarily, the recovery for permanent injury to land is the difference between the value of the land immediately before and immediately after the injury occurs. City of Stillwater v. Cundiff, 184 Okla. 375, 87 P. 2d 947. There was testimony by witnesses for the plaintiff that holes had been washed in his land and loose soil washed away down to the hard dirt, and that cuts, draws

and ravines were made through the soil at different places. We think that clearly there was sufficient evidence to go to the jury as to the amount of damage the plaintiff sustained to his land. No effort was made to distinguish whether this was temporary or permanent damage, but from the evidence it is apparent that it was a permanent injury. The plaintiff claimed only that his land was injured. We held in Oklahoma City v. Page, 153 Okla. 285, 6 P. 2d 1033, that a plaintiff would be entitled to recover full compensation for the wrong that he received for such temporary effects as could be proved as well as for such permanent effects as could be proved. In this connection, we quote from 25 C.J.S., Damages, §162, p. 815:

"Uncertainty as to amount only.—A more liberal rule should be applied in allowing a court or jury to determine the amount of damage where it clearly appears that a party has suffered damage, than should be applied in determining whether there was any damage at all. Where it is shown that some damage has resulted from defendant's wrongful act, uncertainty as to the exact amount is no reason for denying damages altogether, at least where the damages are impossible of calculation by any fixed and certain rule, or where the evidence shows the damage approximately or furnishes a basis from which a reasonable calculation can be made and the injured party has produced the best evidence possible."

In Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22, we held that a permanent damage to realty can result from a temporary or abatable nuisance. We think it immaterial whether the $500 which plaintiff testified was the amount of the injury to his land was permanent or temporary injury, since the evidence showed definitely that plaintiff's land had been injured. The $500 could well represent either the depreciation in value of the land or what it would cost to restore the land to its condition before the injury and for loss of use.

For his second proposition, defendant complains of the trial court's refusal to give requested instruction No. 2, which is as follows:

"You are instructed that should you believe and find from the evidence that the embankments constructed by the defendant caused damage and injury to the plaintiff, but that you should also find and believe from the evidence that the plaintiff, by any act, contributed to his injury and damage, then and in that event the plaintiff should not recover, and in this connection you are instructed that the plaintiff is charged with and accountable for any acts of his predecessors in title of the land now owned by him."

We think the instructions given by the court fully covered defendant's contention that plaintiff's own acts were responsible for the damage to his land, and that no error was committed by the trial court in refusing to give the requested instruction. Keen Bottling Co. v. Morgan, 154 Okla. 167, 7 P. 2d 147. No authority that would justify the giving of such an instruction has been cited.

The judgment is affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.