Walter L. METCALF, d/b/a Beltone Hearing Service, Plaintiff in Error,

v.

J. E. BINGAMAN d/b/a Bingaman Motor Company, Defendant in Error.

No. 35768.

Supreme Court of Oklahoma.

Feb. 28, 1956.

Renegar & Renegar, Oklahoma City, for plaintiff in error.

Ryan Kerr, Altus, for defendant in error.

HALLEY, Justice.

Parties will be referred to according to their positions in the trial court.

On August 8, 1950, Thurman Dulaney was a salesman for the plaintiff. While driving an automobile on that date near Altus, Oklahoma, the car collided with a bridge abutment and was badly wrecked. In the automobile were certain articles of personal property belonging to the plaintiff. A short time after the collision between car and bridge, the automobile was being towed into Altus by the defendant. In some manner, it caught fire and plaintiff's personal property was destroyed. Plaintiff filed suit seeking to recover from defendant the loss he had sustained. The case was tried to a jury and a verdict returned for the defendant. From the overruling of a motion for new trial, the plaintiff has appealed.

Three propositions are urged for reversing the judgment but boiled down the real contention of the plaintiff is that there is not sufficient evidence to sustain the verdict. With this we cannot agree. There was evidence offered by the defendant that he had exercised due care in the manner and method in towing the automobile and which fully described measures taken. This was clearly a case for the jury to determine whether the defendant was guilty of negligence. We have many times held that in a case of legal cognizance tried to a jury on conflicting evidence we will not disturb a judgment based on a jury's verdict where there is competent evidence reasonably tending to support the verdict. Harmon v. Metcalfe, 204 Okl. 79, 226 P.2d 979; George v. Greer, 207 Okl. 494, 250 P.2d 858; Sisler v. Smith, Okl., 267 P.2d 1081.

The plaintiff tendered no requested instructions and no special instructions were given as to the duties of a bailee. Under Schulze v. Allison, 204 Okl. 147, 227 P.2d 658, an authority cited by the plaintiff, a bailee is only required to exercise due care to prevent loss of, or damage to bailed property.

The instructions given by the trial court fairly covered the case and no exception was taken by the plaintiff to any instruction given.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.