**BERNARD et al. v. FIRST NAT. BANK OF CLAREMORE.**

No. 17514. Opinion Filed Nov. 15, 1927.

(Syllabus.)

**Banks and Banking—Bills and Notes—Maker of Notes to Cover Obligation of Another Estopped to Deny Liability Where Scheme was to Thereby Deceive Bank Examiner.**

Where an oil company borrows money from a bank, and the cashier of the bank is also the secretary and treasurer of the oil company, and, at the suggestion of other bank officials, the obligations of the oil company are carried in the individual name of the president of the oil company with the understanding that the bank would not hold him liable thereon, and where the notes are renewed from time to time by him, and the notes of the oil company are taken out of the bank and the obligations of the oil company are carried in his name for the purpose of deceiving the bank examiner and making him believe that they were the individual obligations of the president of the oil company and assets of the bank, held, that upon a suit against the president of the oil company on said promissory notes, he will not be permitted to deny that the notes are assets of the bank, and he cannot defeat the obligation on the ground that the bank officials had agreed that he should not be held responsible for the payment of such notes.

Error from District Court, Rogers County; O. H. Searcy, Assigned Judge.

Action by the First National Bank of Claremore against K. D. Bernard and another. Judgment for plaintiff, and defendants bring error. Affirmed.

L. S. Robson and H. D. Moreland, for plaintiffs in error.

Rainey, Flynn, Green & Anderson, Holtzendorff & Holtzendorff, and Calvin Jones, for defendant in error.

HEFNER, J. The First National Bank of Claremore, as plaintiff, sued K. D. Bernard and Ruby Bernard upon a note for the principal sum of $3,500 and for the foreclosure of a mortgage to secure the same. Suit was also brought against K. D. Bernard upon a note for the principal sum of $1,500. The parties will be referred to herein as they appeared in the trial court.

The defendants admitted the execution and delivery of the notes and mortgage, but alleged they received only $1,650 as a consideration for the $3,500 note and there was no consideration for the $1,500 note. They confessed judgment for the sum of $1,650. At the conclusion of the testimony the plaintiff interposed a demurrer to the evidence of the defendants, which was sustained by the court and judgment was entered for the entire amount sued for. From this judgment the defendants have appealed.

About July, 1917, the St. Bernard Oil Company was organized as a corporation by J. F. Flippin, J. H. Bernard, and K. D. Bernard, and they were the secretary-treasurer, president, and vice-president, respectively, thereof. All during said time and until January, 1922, there was a bank at Claremore known as the Farmers Bank & Trust Company, which was consolidated with the First National Bank of Claremore on January 1, 1922, the said Farmers Bank & Trust Company then ceasing to do business. The St. Bernard Oil Company was in the business of developing oil and gas leases, and for that purpose it was necessary for it to procure loans, and it did borrow money from the

Farmers Bank & Trust Company. After several notes had thus been given by the oil company to said Farmers Bank & Trust Company, Mr. Flippin, who was a director and cashier of said Farmers Bank & Trust Company, as well as the secretary and treasurer of the oil company, informed K. D. Bernard and J. H. Bernard that, in view of the fact that he, Flippin, was connected with the bank as well as the oil company, he believed it would be better for the obligations of the St. Bernard Oil Company to be carried in the individual name of either J. H. Bernard or K. D. Bernard, and that if they would sign the paper of St. Bernard Oil Company individually the bank would not hold either of the said Bernards liable therefor.

K. D. Bernard agreed to this, and pursuant thereto the notes then in said bank signed by St. Bernard Oil Company were renewed in the name of either J. H. Bernard or K. D. Bernard and carried from time to time in such manner for a period of about two years. All of the paper of the St. Bernard Oil Company was taken out of the bank.

In connection with how often the notes were ·renewed, the defendant K. D. Bernard testified that they· were renewed every 90 or 120 days; that he never made them very long, because the bank examiner came around pretty often; and that the renewals covered a period of about two years.

The facts were not disputed. Did the pleadings and evidence of the defendants raise a legal defense to the action? This is really the only question to be determined by this appeal.

The defendants cite and rely on the case of Oilton State Bank v. Ross, 108 Okla. 24, 234 Pac. 567. In the body of the opinion of that case the court used this language: ·

"In German American State Bank v. Watson, 99 Kan. 686, the facts were that one Blitz applied to the bank for a loan, but at that time he had already borrowed from the bank as much as it could loan to any one individual. The president of the bank advised the defendant of this situation, and requested him to execute a note for the amount it loaned to Blitz, and stated to the defendant that he would incur no obligation by the making of said note. The court held that while the note was made at the request of the president of the bank, it was in fact made 'for 'the accommodation of Blitz, who received the consideration therefor, and further held that under the facts in that case the maker of the note could not defend an action thereon by showing that

it was executed without benefit to him under an agreement exempting him from liability, in order to enable the bank to which it was payable to make an additional loan to a customer who had already borrowed to the limit allowed by law, for the reason that having voluntarily signed the note in order that the bank examiner might believe it to be an asset of the bank, he ought not to be permitted to deny that in effect. It will be observed that there was a consideration for the note, viz., the money loaned to Blitz."

In the case at bar it is true that the notes were made at the request of the bank officials, but they were in fact made for the accommodation of the St. Bernard Oil Company, which company received the consideration therefor.

In the case of State Bank of Moore v. Forsyth (Mont.) 108 Pac. 914, the facts were that the defendant at the request of the cashier of the bank executed the note involved for the purpose of substituting this note for the notes of the cashier held by the bank, and the court held that the bank was entitled to recover regardless of the fact that the defendant actually received nothing for the note. The fifth paragraph of the syllabus is as follows:

"Plaintiff was induced by the cashier of a bank to give his note to be substituted 'by the cashier for notes of the cashier held by the bank. The note was so substituted, the cashier's notes withdrawn, and the excess of the amount of the plaintiff's note over the cashier's obligations was paid by the bank to the cashier. Held, that the note was supported by a sufficient consideration."

Again in the case of Elling v. Bank of Jefferson, 114 Okla. 147, 244 Pac. 793, this court, in the first paragraph of the syllabus, said:

"Where a cashier of a bank represents to persons executing promissory accommodation notes that the bank will loan money to a third party and the payors of the notes will not be called upon to pay the same, in the absence of a showing of specific authority vested in the cashier to make such representations such representations constitute no defense to an action by the bank on the notes."

This court has recently held that the maker of a note cannot defend an action thereon by showing that it was executed without benefit to him under an agreement exempting him from liability in order to enable the bank to which it was payable to make an additional loan to a customer who had already borrowed to the limit allowed by law, for the reason that, having voluntarily signed

the note in order that the bank examiner might believe it to be an asset of the bank, he ought not to be permitted to deny it that effect.

It seems to us that the facts as hereinbefore stated in this case bring it within the rules announced in the cases above referred to. This being true, the trial court committed no error in sustaining a demurrer to the evidence of the defendants, and the judgment of the trial court is therefore affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note—See 8 C. J. p. 742, §1015 (Anno); anno. 34 L. R. A. (N. S.) 105; 3 R. C. L. p. 963.