## FIRST NAT. BANK of TULSA v. GOLDEN GLOW REF. CO. et al.

No. 19326.    Opinion Filed June 3, 1930.

Poe & Lundy and J. C. Pinkerton, Jr., for plaintiff in error.

A. J. Biddison, Harry Campbell, Valjean Biddison, and John H. Cantrell, for defendants in error.

LEACH, C. The First National Bank of Tulsa commenced this action in the district court of Tulsa county against the Golden Glow Refining Company and J. A. Boyd to recover a balance alleged to be due on a promissory note executed by the Golden Glow Refining Company and indorsed by J. A. Boyd, W. A. Moore, and J. M. Chandler.

No defense was made by the refining company and judgment was entered against it by default.

The defendant Boyd pleaded as a defense to the action that the note and his indorsement thereon were made without consideration and for the accommodation of the plaintiff bank.

Upon a trial of the cause a general verdict was rendered in favor of the defendant Boyd, and judgment was entered thereon accordingly, from which the plaintiff bank appealed.

The plaintiff demurred to the answer of the defendant Boyd on the ground that the answer failed to state facts sufficient to constitute a defense, also objected to the introduction of any evidence on behalf of the defendant on the same ground, which demurrer and objection were overruled, and such ruling is assigned as error and presented as grounds for the reversal of the judgment appealed from.

The plaintiff's brief contains no citation

of authorities upon the assignments of error here involved, but is devoted to an argument to the effect that, since the defendant admitted the execution of the note and alleged that it was executed for the accommodation of the bank, under the provisions of section 7699, C. O. S. 1921, which defines an accommodation maker, he is liable thereon, and, that, in order to state a defense to the cause of action alleged, an allegation would have to be made to the effect that the bank parted with no consideration in taking the notes out of its files, and that it suffered no detriment thereby.

It was alleged in the answer of the defendant, in part and substance, that the note sued on was made and delivered by the Golden Glow Refining Company, and indorsed by the defendant and his co-indorsers at the request of plaintiff and for its accommodation; that the note arose out of the following eventualities: That, prior to August 27, 1919, the Golden Glow Refining Company, then a corporation, sued the Duluth Gas Oil Refining Company in the district court of Creek county; that, on the date last mentioned, the Union National Bank of Tulsa intervened in that action and alleged in its petition, sworn to by its president, that the Duluth Company executed and delivered to P. E. Magee, as trustee, for the use and benefit of the Union National Bank, 25 notes of $1,000 each, and as security for the payment thereof, executed a mortgage covering certain described lots in the city of Sapulpa, together with a refinery located thereon and all the buildings, machinery, personal property, and equipment on said lots, and prayed judgment on the notes and for foreclosure of the mortgage; that, after the institution of such suit, P. E. Magee, as trustee for the bank and also chairman of the board of directors, represented to the answering defendant, Boyd, who was president of the Golden Glow Refining Company, that the intervener bank had withdrawn from its note case the 25 notes of the Duluth Gas Oil Refining Company sued on, and requested the Golden Glow Company to make and loan to the bank, for its accommodation, the note of the Golden Glow Refining Company, in the same amount as the Duluth Company notes, for the purpose of using the notes of the Golden Glow Company as a substitute for the notes of the Duluth Company, in order that the intervener bank might maintain the complement of its security until it might collect the Duluth Company notes, or realize the payment of them out of the mortgaged property, and requested the defendant to become an indorser on such

note when made as an accommodation to the bank for the purpose aforesaid, and the said Magee assured the defendant that the note would be returned to them when it should have served the need of the bank as aforesaid; that, in compliance with such request, the original note, of which the note sued on is a renewal, was executed; that on February 17, 1920, judgment was rendered in favor of the intervener bank on the certain notes sued on and for foreclosure of the mortgage and sale of the property covered thereby; that prior to execution and sale of the property, the judment debtor, Duluth Gas Oil Refining Company, was adjudged a bankrupt, and a sale by the state court was thereby precluded; pursuant to an order of sale of the bankruptcy court, a sale of the mortgaged property was had on November 4, 1920, at which sale the property was bid in by the Union National Bank for the amount of its judgment; that on April 18, 1921, the trustee in bankruptcy executed and delivered his deed, conveying the property sold to the First National Bank, which had on December 31, 1920, consolidated or merged with the Union National Bank and succeeded to all its rights; that contemporaneous with the merger of the Union and First National Banks, W. E. Brown, who was president of the Union Bank, became chairman of the board of directors of the plaintiff bank, and certain other officials of the Union Bank became vice presidents of the plaintiff bank; that such officials, together with others of both banks, fully canvassed in detail the renewal note of the Golden Glow Refining Company and its indorsers, and all of said officials of both banks well knew the status of said renewal note, and quoting from the answer of defendant:

"That the fact of said note's being purely and only a free bailment, as it were, for the accommodation of the Union National Bank and nothing else, was well known to both banks. That after the merger, whenever requested by plaintiff for the same purpose and no other, said note was renewed from time to time until the note sued on was made and delivered and which is the last of said renewals of said original note. That the maker and indorsers of said original, and all of said renewals thereof, never received any consideration or thing of value for either the original note or any of the renewals thereof, and all were made at the request of plaintiff and its predecessor in interest for their accommodation and use only as aforesaid, and not otherwise; of all of which facts both banks had full and complete knowledge. and, notwithstanding which, plaintiff has brought and is prosecuting this action."

It was further alleged by amendment to

such answer that the certain credit or payments on the note shown to have been made by the indorsers, Chandler and Moore, were, in fact, the proceeds of the sale of the property covered by the mortgage executed by the Duluth Gas Oil Refining Company, and that the amount realized from the sale of said mortgaged property should be credited upon the note of the Duluth Company, and should not be credited as a payment made by the said Chandler and Moore.

We are of the opinion that the answer of the defendant, in the instant case, brings the pleading within the rule announced in the case of Oilton State Bank v. Ross, 108 Okla. 24, 234 Pac. 567, wherein it is stated in the syllabus of that case as follows:

"The law will not permit the maker of a note, where there is a consideration therefor, to show an oral agreement at the time of its execution that he was not to be liable thereon, for the reason that this would violate the rule forbidding the contradiction of a written instrument by parol evidence, but this rule is not infringed by permitting it to be shown by parol what caused the party thus to obligate himself, and thereby test the question of whether he is legally bound, as the writing imports, or whether he is by any cause wholly or partially freed from liability thereon.

"As between the original parties to a note, or between the payer and any person not a holder in due course, the consideration for the note may always, in the absence of an estoppel, be inquired into, and a want or failure of consideration constitutes a good defense."

See, also, Lindsay State Bank v. Forbis, Adm'x, 108 Okla. 126, 235 Pac. 470; Bartels v. Suter, 130 Okla. 7, 266 Pac. 753; T. W. McNear Securities Co. v. Baker, 126 Okla. 216, 259 Pac. 563; Wilhoit v. Seavall (Kan.) 246 Pac. 1013, which announce a similar rule.

In considering the sufficiency of a pleading as against a demurrer, the matters set up in the pleading are admitted as true, together with all legitimate and reasonable inferences to be drawn therefrom.

Applying such rule to the defendant's answer, we are of the opinion the same meets the objection made thereto by plaintiff in its brief, and that the answer stated and alleged sufficient facts to constitute a legal defense to the note sued on, in that it showed a want of legal consideration for the execution and indorsement of the note sued on. We find no error in the overruling of plaintiff's demurrer and objection to the introduction of evidence on the ground that the answer failed to state a defense.

We will next consider the assignments of error based on the action of the trial court in denying plaintiff's motion and requested instruction for an instructed verdict in its favor, and in denying motion for a new trial, which assignments present for consideration the question of whether the verdict and judgment is supported by the evidence.

This being a law action, the judgment will not be disturbed if there is any competent evidence reasonably tending to support it. Oilton State Bank v. Ross, supra. The defendant Boyd testified in accordance with the allegations of his answer, and to the effect that he executed the original note, of which the one sued upon was a renewal, solely for the accommodation of the plaintiff bank, or its successor, and without consideration, and under the conditions alleged in his answer, that he suggested to Union National Bank, through its president, that it intervene in the Creek county suit in order to wind up the business all at one time; in addition to his own testimony, he introduced the records, or certified copies thereof, of the district court of Creek county and the bankruptcy proceedings showing that the Union National Bank obtained judgment in the district court of Creek county on notes executed in its favor by the Duluth Gas Oil Refining Company, and for foreclosure of a real estate mortgage covering certain lots and a refinery in the city of Sapulpa; that later the mortgaged property was sold under order of the bankruptcy court and was bid in the name of the bank for the sum of $25,000, and a deed issued by the trustee in bankruptcy to the Union National Bank conveying the property mortgaged and sold, and further introduced the testimony of the attorney who prosecuted the suit in the state court, whose testimony, together with certain exhibits introduced by defendant, may to some extent be said to tend to show that that action was prosecuted on behalf of the plaintiff bank rather than the Golden Glow Refining Company, or its owners.

Plaintiff bank, by its reply, paragraph 8 thereof, stated:

"Plaintiff denies that the defendant J. A. Boyd was an accommodation indorser on said note, but avers the truth to be that, at the time of the execution of said note, together with the renewals thereof, that he was the president of the company, and as such had a beneficiary interest in the Golden Glow Refining Company as president and stockholder for his indorsement, in this: That the proceeds derived upon said indorsement and note were for his special benefit, together with the benefit that might accrue to the Golden Glow

Refining Company, of which he was principal officer."

The plaintiff introduced the testimony of the co-indorsers on the note, Moore and Chandler, which was to the effect that the Union National Bank sold the notes of the Duluth Gas Oil Refining Company, which it owned and held, to the Golden Glow Refining Company, and agreed that suit thereon might be maintained in the bank's name; that the original of the note sued upon was given in consideration of such sale and transfer. Similar testimony was given by an officer of the bank, and there was introduced in evidence an unrecorded assignment of the Duluth mortgage from P. E. Magee, trustee, to Moore and Chandler, such assignment being acknowledged November 21, 1919; also a receipt dated October 29, 1919, signed by W. A. Moore for the Duluth notes, and a letter written by the defendant Boyd to Moore and Chandler, which tended to show an acknowledgment of some liability on the note on the part of the defendant. It was further brought out upon the trial of the cause, that sometime after the institution of the instant action, the plaintiff bank executed a quitclaim deed to Moore and Chandler covering the lots and refinery described in the Duluth Company mortgage and conveyed by the deed of the trustee in bankruptcy to the plaintiff bank. In explanation of why such conveyance was made alone to Moore and Chandler, it was stated by some of the plaintiff's witnesses that the defendant Boyd refused to have anything to do with such conveyance or accept any interest thereon.

The plaintiff cites certain cases from this jurisdiction which announce the rule as to what is a sufficient legal consideration for the execution of a note, and also call attention to Bernard v. First Nat. Bank of Claremore, 128 Okla. 264, 263 Pac. 150, in which case it was held that, where the cashier of a bank, who was also secretary and treasurer of an oil company, placed his note, in the bank in lieu of the oil company's notes, which were taken out of the bank with an understanding that the bank would not hold such official liable on his note, such official would not be permitted to deny his liability on the notes upon the ground that the bank officials had agreed that he should not be responsible for the payment of such note. We think the difference between that case and the one at bar may be readily seen from the following language found in the body of the opinion in that case, which is as follows:

"In the case at bar it is true that the notes were made at the request of the bank officials, but they were, in fact, made for the accommodation of the St. Bernard Oil Company, which company received the consideration therefor."

The holding in such case, and similar ones, is based upon the fact that there was an actual consideration for the notes, the benefit passing to a third party.

The question of whether the note here involved was given without consideration for the accommodation of the plaintiff, or whether it was given for the consideration as alleged and contended for by the plaintiff, was one of fact for the determination of the jury. The jury found for the defendant, and, as we view it, there was competent evidence reasonably tending to support the verdict. From a consideration of all the evidence, we are of the opinion that the trial court did not err in denying plaintiff's motion and requested instruction for a verdict in its favor.

The plaintiff, as further grounds for reversal, complains of the action of the trial court in its refusal to give requested instruction No. 8, and we quote the following from its brief in support of this proposition:

"This instruction should have been given as it instructed the jury that should they find that the Golden Glow Refining Company, W. A. Moore, or J. M. Chandler, or all, or any of them, bought from the Union National Bank the notes and mortgage of the Duluth Gas Oil Refining Company, then they should find for the plaintiff. The instructions given by the court covered the proposition as to the Golden Glow Refining Company only, and exp'essly left out of the instructions the legal effect of Moore and Chandler purchasing said notes and mortgage personally, and giving in payment therefor the note of the Golden Glow Refining Company, indorsed by themselves and J. A. Boyd."

The trial court instructed the jury as to the law relating to an accommodation indorser, and informed the jury that if they believed from the evidence that the note sued on was executed, indorsed, and delivered to the Union National Bank under the agreement that the same was to be in exchange for the Duluth notes and mortgage, and that pursuant thereto the bank surrendered to the defendants the full and complete control of said Duluth notes and mortgage and the right to sue in their own name, or in the name of the bank for the recovery on said notes, then, and in that event, they should find for the plaintiff. The instruction as given by the trial court was in accord with the pleading, evidence, and theory of the plaintiff, that is, that the Duluth notes and mortgage were sold to the Golden Glow Refining Company, and there was no contention

during the trial of the cause that such notes were sold to Moore and Chandler personally and that the original of the note sued on given in payment therefor.

Under the record presented, we find no error in the action and refusal of the trial court in giving the plaintiff's requested instruction No. 8.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, REID, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 43 L. R. A. 450; 20 A. L. R. 490. 3 R. C. L. p. 1136; R. C. L. Perm. Supp. p. 995. (3) 2 R. C. L. p. 194; R. C. L. Perm. Supp. p. 368. See "Appeal and Error," 4 C. J. §2834, p. 853, n. 61. "Bills and Notes," 8 C. J. §658, p. 444, n. 8; §1019, p. 747, n. 48; §1359, p. 1049, n. 23. "Evidence," 22 C. J. §1580, p. 1182, n. 72; §1669, p. 1255, n. 53.