[Civ. No. 4198. Third Appellate District. March 17, 1931.]

R. L. BENCE, Respondent, v. TEDDY'S TAXI et al., Defendants; TEDDY PAPPAS et al., Appellants.

Irving D. Gibson for Appellants.

Fred J. Harris and Downey & Chester for Respondent.

MR. JUSTICE PRO TEM. TUTTLE DELIVERED THE OPIN-ION OF THE COURT.—This is an action brought to recover damages on account of personal injuries received by plaintiff when he was struck by an automobile. The trial was had by the court, and, upon the findings made, judgment was entered for plaintiff in the sum of $6,800.

At a former trial of this action, an appeal was taken to this court, and judgment in favor of plaintiff was reversed upon the sole ground that he was guilty of contributory negligence. (*Bence* v. *Teddy's Taxi,* 101 Cal. App. 748 [282 Pac. 392, 283 Pac. 86].)

The court, upon the second trial, found that plaintiff was entitled to recover under the doctrine of "last clear chance", and it is first urged by appellant that the facts of this case do not justify the application of that doctrine. The finding thus assailed reads as follows:

"That on June 16, 1928, at about the hour of 5:35 o'clock in the forenoon of said day, plaintiff was a passenger on a street car traveling in a westerly direction over and upon said 'K' Street, between Eighth and Seventh Streets in

said City of Sacramento, and when said street car arrived at or near the intersection of Seventh Street with said 'K' Street, plaintiff alighted from said street car and negligently and carelessly proceeded in a northerly direction towards the sidewalk on the northerly side of said 'K' Street, at or near its intersection with said Seventh Street, and at said time plaintiff negligently and carelessly failed and neglected to use ordinary care for his own safety and carelessly and negligently failed to observe the approach of a certain taxicab which was then and there being driven and operated by the defendant Phil Khoury in a westerly direction along said 'K' Street, between said Eighth and Seventh Streets, and at said time plaintiff negligently and carelessly failed to look in the direction from which said taxicab was approaching. At said time plaintiff was in the path of said oncoming taxicab and was in a position of danger from which he could not escape by the exercise of ordinary care.

''That as plaintiff was alighting from said street car, and so walking towards said sidewalk, defendant Phil Khoury was negligently and carelessly operating and driving said taxicab in a westerly direction along said 'K' Street towards Seventh Street and was at said time operating said taxicab at a speed in excess of twenty-five miles per hour and defendant Phil Khoury observed and saw plaintiff as he alighted from said street car and at all times thereafter until he was hit by said taxicab and defendant Khoury knew that plaintiff did not see or know of the approach of said taxicab as plaintiff was so proceeding northerly along 'K' Street and defendant Khoury knew during all of such time that plaintiff was in a position of danger from which plaintiff could not escape by the exercise of ordinary care and during all of such time defendant Khoury had a clear chance and opportunity to avoid injuring plaintiff by the exercise of ordinary care, and during all of such time defendant Khoury could have avoided injuring plaintiff by the exercise of ordinary care; that defendant Khoury failed to avoid injuring plaintiff by the use of ordinary care and did not use ordinary care to avoid injuring plaintiff, but did so negligently and carelessly operate and drive said taxicab so as to strike plaintiff and did injure plaintiff to the extent hereinafter set forth. That plaintiff did notice the approach of said taxicab before he was struck by it and

thereafter exercised ordinary care and diligence in an endeavor to escape from it but was not by the exercise of ordinary care able to escape from said taxicab or extricate himself from said position of danger. That the negligence of plaintiff hereinbefore referred to did not proximately cause or contribute to the accident or injuries to plaintiff.''

We are of the opinion that there is ample evidence in the record to support this finding. Respondent alighted from a street-car at the corner of Seventh and ''K'' Streets in the city of Sacramento, when the car stopped at the safety station at that point. He started to walk at once toward the sidewalk, the curb being some eighteen feet distant. Without looking in the direction from which the taxicab was approaching, he walked some eight feet, when he saw it bearing down upon him. He attempted to jump to the sidewalk, but was struck before he reached it. All of these movements were seen and known to the driver of the taxicab, who was driving at a speed which the court found to be in excess of twenty-five miles an hour. There was testimony to the effect that at a speed of twenty-five miles an hour the taxicab could be stopped within a distance of eighteen feet. The taxicab approached the car from the rear, and it had followed behind the car until the latter stopped at the safety zone, which was some forty-five feet in length. There is sufficient evidence in the record which would justify the trial court in finding that the driver could have stopped the taxicab in time to have avoided striking plaintiff. At the time of the accident the lawful rate of speed for the taxicab, while passing a standing car, was not in excess of ten miles an hour.

The driver testified that he was driving at a speed of ten miles per hour when passing the street-car. If we accept his version as to speed, there is not the slightest doubt, from the evidence adduced, that the injury could have been easily avoided. It is a case where the driver, who was very inexperienced, took a chance and failed in the attempt.

Plaintiff testified that June 16, 1928, the day of the accident, was a ''beautiful day'' and that the sun was up; that as he stepped off the street-car, he stepped on to the pedestrian lane. He further testified: ''A. I had my left hand holding on the right-hand side of the front door of the car, facing towards the Bon Marche Store, a little north

and west, and I stepped out about the center of the street—I stepped about two steps and looked around, turned back around, and there was this automobile coming at a terrible rate of speed, about sixteen or eighteen feet from me, and I started to proceed across the street—he was coming right into the lane, and I couldn't get out of the way very well, he was coming so fast, and he turned his car and run it towards the curb, and about a foot and a half from the curb, he hit me about on that manhole there in the street, and hit my right leg on the knee here; he knocked me down with his car. . . . A. I got off right here and stepped into the pedestrian lane. I got off, just off the pedestrian lane. I didn't go in the safety zone, I stepped off the car in the pedestrian lane, right in here, and started across, between six and eight feet, before I seen the car, see, then I turned around and see the car coming, coming too fast. Mr. Gibson, interposing: He said he went six or eight feet before he seen the car? Witness: A. Yes, I should judge two steps across, and I turned around and there was the car onto me, about eighteen feet from me when I seen it, sixteen or eighteen feet. I didn't measure it, about that distance, coming at an awful rapid speed; I didn't know what to do, I jumped for my life, to keep from being hit, and he run in the curb, he turned his car to the right and he ran to the curb, ran into the curb line.''

The elements of the last clear chance rule have been announced in California on innumerable occasions, and are settled beyond dispute. As said in *Palmer* v. *Tschudy,* 191 Cal. 696, 700 [218 Pac. 36], the last clear chance rule presupposes: 1. That plaintiff has been negligent; 2. That as a result of his negligence he is in a position of danger from which he cannot escape by the exercise of ordinary care; 3. That defendant is aware of plaintiff's dangerous situation under such circumstances that he realizes, or ought to realize, plaintiff's inability to escape therefrom; 4. That defendant then has a clear chance to avoid injuring plaintiff by exercise of ordinary care and fails to do so.

If all of these elements are present the rule applies and enables plaintiff to recover notwithstanding his own negligence, but if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence.

■ It is contended by defendant that the third element mentioned in the Palmer case is not present here. His entire argument is predicated upon the theory that plaintiff, when he alighted from the street-car, stood still upon the safety zone. There is testimony in the record to the effect that plaintiff did not stop, but started to walk toward the sidewalk as soon as he stepped from the street-car. All of this was seen by the driver of the taxicab. He was aware of plaintiff's dangerous position, and realized, or ought to have realized, plaintiff's inability to escape therefrom. The instant that plaintiff started to walk from the safety station to the sidewalk, he was in a position of danger. Under such circumstances, it was clearly the duty of the driver to stop his taxicab, instead of attempting to dodge around plaintiff, at an unlawful rate of speed.

The case of *Green* v. *Los Angeles Ry. Co.*, 143 Cal. 41 [101 Am. St. Rep. 68, 76 Pac. 719], relied upon by appellant was one where the plaintiff was standing still upon the safety zone. There was nothing to indicate that he was attempting to cross the street in front of the taxicab. The Supreme Court simply held that the driver had the right to assume that plaintiff would continue to so stand until he (the driver) had passed the zone. In the instant case, plaintiff, as we have pointed out, did not stand still upon alighting, but proceeded forthwith to cross to the sidewalk. The driver knew that plaintiff was walking directly across his path. To say that under such circumstances plaintiff was not in danger, would rob the doctrine of last clear chance of every vestige of its humanitarian aspect, and would relegate its obvious import to a mere quibble.

This case comes squarely within the rule laid down by this court in the case of *Smith* v. *Los Angeles Ry.*, 105 Cal. App. 657 [288 Pac. 960], where it is stated: "For the ground of liability to exist it need not appear that it was physically impossible for plaintiff to have escaped danger, but it is sufficient in this connection if it appears that plaintiff was unaware of the danger and for that reason unable to escape."

Other attacks of a like nature are made by appellant upon the findings, but they are similarly devoid of merit.

■ Witness Demas was permitted to testify as to the distance within which he could stop a taxicab similar to

that driven in this case, while driving at a given speed. This witness was one of the partners who owned and operated the taxicab involved in the collision. He had driven taxicabs of the same type, and had driven automobiles for some fourteen years. We are of the opinion that there was sufficient proof to justify his testimony as an expert.

The next ground for reversal urged by appellant is that there is no evidence in the record to support the finding that the driver of the taxicab was in the employ of defendant at the time of the accident. It would appear that such facts are admitted by the answer. The complaint states that the driver was in the employ of defendant at the time of the injury, and the answer denies those allegations upon information and belief only. Such facts are presumptively within the knowledge of defendant, and he must answer positively, and a denial of the same upon information and belief will be treated as an evasion. (*Curtis* v. *Richards,* 9 Cal. 38.) The entire question was given careful and exhaustive consideration by this court in the case of *Zany* v. *Rawhide Gold Min. Co.,* 15 Cal. App. 373 [114 Pac. 1026]. Furthermore, this question is raised for the first time upon appeal. The record would seem to indicate that the case was tried upon the theory that these were admitted facts. Under such circumstances the objection cannot prevail.

It is next contended that the damages are excessive. The plaintiff testified that his foot and ankle were broken. A hole was made in his arm below the elbow, which took two months to heal. A front tooth was knocked out and three fingers were smashed. His head was injured, which necessitated the removal of a part of the bone of the skull. Two ribs were cracked. At the time of the trial, and more than a year from the time the injury was received, his back caused continual pain, and he was unable to lift anything with his right hand. He was unable to secure employment because he could not use his right arm. We cannot say that under such circumstances the verdict is excessive, nor are we able to say that the award was so grossly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal as to shock the sense of justice, and raise at once a strong presumption that it was the result of passion, prejudice or corruption, rather

than honest or sober judgment. Under such circumstances, we are powerless to revise the award thus made. (*Kelley v. Hodge Transp. System,* 197 Cal. 598 [242 Pac. 76].)

Other objections are made by appellant with reference to the admission of testimony respecting the pain and suffering endured by respondent, but we can find no substantial merit in any of them.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 16, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1931.