## MITCHELL et al. v. FAYETTE BANK & TRUST CO. et al.

No. 20009. Opinion Filed May 19, 1931.

Langille & McDonnell, Dudley B. Madden, and Walter Hubbell, for plaintiffs in error.

J. C. Norman and Marion J. Northcutt, for defendants in error.

HEFNER, J. This is an action brought by the Fayette Bank & Trust Company of Connersville, Ind., against Oscar T. Mitchell, Maud Mitchell, and the First National Bank of Connersville, to foreclose a mortgage on certain real estate located in Cotton county. Plaintiff acquired its mortgage by purchase, and there is no contest as to the mortgage. The defendant First National Bank held a second mortgage against the premises executed by defendants, Oscar and Maud Mitchell, which mortgage it seeks to foreclose by cross-petition. This mortgage was given to secure a note in the sum of $4,563. It is claimed by defendants, Oscar and Maud Mitchell, that the consideration for this note partially failed, and by way of counterclaim they seek to recover damages against defendant First National Bank.

The counterclaim is a voluminous docu-

ment, and among other things alleges: That defendant Oscar Mitchell, at the time of the execution of the note and mortgage, was the president of Lexington Sales Corporation; that the defendant bank was carrying for the corporation an excessive loan; that the bank examiner insisted upon a reduction thereof; that the bank held as additional security for its loan to the corporation numerous shares of stock owned by stockholders of the corporation; that the note and mortgage, together with another note executed by A. M. Cline, was executed to reduce the indebtedness of the corporation to the bank; that as part consideration therefor the bank agreed to transfer and to deliver them a certain portion of the shares of stock held by it as collateral security to indemnify them for the execution of the notes and mortgage; and that the bank agreed that these notes should never be paid; that in accordance with this agreement the notes and mortgage were executed and the indebtedness of the corporation to the bank reduced in the sum of $10,000; that by reason thereof and other matters pleaded in the counterclaim, which we need not discuss, they suffered damage in the sum of $25,000.

On motion of plaintiff and defendant bank the trial court entered judgment in their favor on the pleadings. This ruling is assigned as error by defendants, Oscar and Maud Mitchell. We think judgment was properly entered in favor of plaintiff, as no defense is pleaded to its cause of action, but in our opinion the court erred in sustaining the motion in favor of defendant bank. The bank seeks to sustain the judgment on the theory that the agreement pleaded in the counterclaim cannot be enforced, for the reason that it contravenes the terms of a written instrument. We do not agree with this contention. If, as alleged in the counterclaim, the bank, as part consideration for the execution of the note and mortgage, agreed to transfer to defendants certain shares to indemnify them and failed to comply therewith, defendants would be entitled to recoup such damages as they may have suffered by reason thereof. Mackin v. Darrow Music Co., 69 Okla. 1, 169 Pac. 497; Edwards y. City Nat. Bank of McAlester, 83 Okla. 204, 201 Pac. 233; Powell v. Security Nat. Bank, 141 Okla. 169, 284 Pac. 5. The allegation that defendants should not be held liable on the note does not state a defense. Bernard v. First Nat. Bank of Claremore, 128 Okla. 264, 263 Pac. 150; State ex rel. v. Banta, 148 Okla. 239, 299 Pac. 479.

As to defendants' measure of damages in the event of recovery, we express no opinion.

Judgment is reversed and cause remanded for a new trial as to defendant bank and affirmed as to plaintiff.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.