[Civ. No. 10678.   Second Appellate District, Division One.—July 22, 1936.]

ANNA CURTIS, Appellant, v. PACIFIC ELECTRIC RAILWAY CO. (a Corporation) et al., Respondents.

Oscar Richard Cummins and Harry C. Cogen for Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

WHITE, J., *pro tem.*—This is an action brought to recover damages on account of personal injuries received by plaintiff when she was struck by defendant railway company's passenger-carrying bus, while crossing Beverly Boulevard near its intersection with Spaulding Avenue in the city of Los Angeles, on March 23, 1934, at about 10 o'clock in the morning. Trial was had before the court, and upon findings made that while respondents were negligent, appellant was also negligent, and that their joint negligence contributed proximately to the accident, judgment was entered for defendants.

Epitomizing the facts as presented in the record before us, we find that appellant was crossing Beverly Boulevard in a southerly direction at the intersection of Spaulding Avenue, under normal and ordinary weather conditions. Spaulding Avenue ends at Beverly Boulevard, and does not extend south thereof. The attempted crossing by appellant was at the end of this block, and at an unmarked crosswalk. Respondent railway company's express bus, traveling east on Beverly Boulevard and driven by the latter's employee, respondent M. F. Bidwell, collided with appellant, inflicting injuries upon which this action is predicated.

Appellant assails the judgment upon the single ground that under the facts of this case she is entitled to judgment under the doctrine of last clear chance.

The elements of the last clear chance rule have been announced in California on innumerable occasions, and are settled beyond dispute. As said in *Palmer* v. *Tschudy*, 191 Cal. 696, 700 [218 Pac. 36], the last clear chance rule presupposes: 1. That plaintiff has been negligent; 2. That as a result of his negligence he is in a position of danger from which he cannot escape by the exercise of ordinary care; 3. That defendant is aware of plaintiff's dangerous situation, under such circumstances that he realizes, or ought to realize, plaintiff's inability to escape therefrom; 4. That defendant then has a clear chance to avoid injuring plaintiff by the exercise of ordinary care, and fails to do so.

If all of these elements are present, the rule applies and enables plaintiff to recover notwithstanding his own negligence; but if any of them be absent, the rule does not apply, and the case is governed by the ordinary rules of negligence

and contributory negligence. (*Bence* v. *Teddy's Taxi,* 112 Cal. App. 636, 641 [297 Pac. 128].) It is contended by appellant that all of the elements in the Palmer case are present here. Appellant testified she started walking in a southerly direction across Beverly Boulevard, and when she reached the middle of the street she saw a Ford automobile coming; that she stopped to allow it to pass, and then saw the bus, which was ''going awfully fast, and in a second it was clear to me, and I tried to jump, but the bus hit me. From the time I looked first, when I was in the middle of the street and saw the bus, I did not look any more, and I continued walking, not running.'' Respondent driver of the bus testified that he first observed appellant when the bus was approximately 100 feet west of the intersection of Spaulding Avenue and Beverly Boulevard; that she was standing in the street; that ''I noticed her standing there, and followed her with my eyes all of the time and up to the moment of impact. I may have taken my eyes away for just a moment. . . . When I first noticed plaintiff she was walking slowly. She hesitated in the northerly half of Beverly Boulevard, to allow a car to pass. . . . After permitting the car to pass, she started to run. . . . I saw the plaintiff continuously from point 'B–3' on. She was looking directly ahead. She at no time looked toward the bus.'' As to respondent driver's conduct with reference to avoiding an accident, he testified as follows:

''Q. When did you first apply your air brakes? A. When she started to run out in the street. Q. That would be 25 feet from the point of impact, that is, 'B–7' here? A. Yes, sir.''

Respondent driver further testified that at the time he applied his brakes the bus was traveling 20 to 25 miles per hour; that he swerved the bus at the time he put on the brakes. Additional testimony from other witnesses in the record serves only to emphasize the conflict as to the conduct of appellant and respondent driver with reference to the question as to whether plaintiff was in a position of danger from which she could not escape by the exercise of ordinary care; as to whether the bus driver was aware of plaintiff's dangerous situation, under such circumstances that he realized, or ought to have realized, appellant's inability to escape therefrom; and as to whether respondent driver then had a clear

chance to avoid injuring plaintiff by the exercise of ordinary care and failed to do so.

■ When a judgment is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court; and on appeal from a judgment for defendant in an action for damages for negligence, all conflicts must be resolved in favor of the defendant and all legitimate and reasonable inferences indulged in to uphold the judgment, if possible; and when two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. (*Crawford* v. *Southern Pacific Co.*, 3 Cal. (2d) 427 [45 Pac. (2d) 183].) ■ With reference to the conflicting testimony in the instant case as to the speed at which the bus was traveling, as to whether respondent bus driver put on his brakes and swerved to the right at the moment appellant started to run across his path, and thus did all in his power to avoid the accident, the trial court was within its rights in resolving that conflict in favor of respondent driver; and under the evidence herein, the trial court, in our opinion, was justified in concluding that appellant was not in any danger at all from the bus until the moment when she started to run across its path after she had stopped out in the street. The trial court would be justified, under the conflicting evidence in this case, in concluding, under the circumstances thereof, that when respondent bus driver realized plaintiff's inability to escape from her position of danger, or that when he should have realized her inability to escape therefrom, he did all in his power to avert the accident, but that there was no "clear chance" to avoid injurying appellant by the exercise of ordinary care.

While it may be conceded there is a sharp conflict in the evidence concerning some of the circumstances immediately preceding the accident and down to the very time of the same, the judgment of the trial court having impliedly resolved that conflict in favor of the defendants, we are precluded from disturbing that conclusion. ■ Upon the triers of fact rests the responsibility to reconcile, if possible, any apparent conflict, whether the same arises from the entire case or in the testimony of a single witness, and to

effectuate all the evidence, when the nature of the case will admit of such a disposition; or, if the conflict is irreconcilable, to place their own value on the contradictory evidence. (*Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702, 708 [242 Pac. 703].)

A consideration of all the evidence in the instant case leads us to conclude that there was some substantial evidence to sustain the judgment of the trial court in favor of the defendants, upon the theory that when respondent bus driver first realized appellant's danger was when she started running, and that from that time on respondent driver exercised ordinary care and made every possible effort, by applying the brakes and swerving to the right, to avert the accident, and that under the circumstances of this case respondent bus driver was not negligent or remiss in his duty in failing to realize plaintiff's position of danger after she stopped in the center of Beverly Boulevard until she commenced to run.

For the foregoing reasons, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.