[Civ. No. 9226.   Third Dist.   May 5, 1958.]

JANICE HENSLEY, a Minor, etc., Appellant, v. GLADYS SELLERS et al., Respondents.

Manwell & Manwell and James G. Changaris for Appellant.

Rich, Fuidge & Dawson for Respondents.

PEEK, Acting P. J.—By her guardian *ad litem* the minor plaintiff sought damages for personal injuries alleged to have resulted from the negligent operation by the defendant Dawson of a truck owned by the defendants Sellers, a partnership doing business as the Coca Cola Bottling Company of Sacramento, which we shall refer to as the company. Plaintiff appeals from the judgment entered pursuant to a verdict of the jury in favor of defendants. Since an order denying a new trial is not appealable, her purported appeal therefrom must be dismissed.

Our examination of the record leads to the conclusion that the case must be reversed by reason of the failure of the trial court to give instructions on the doctrine of the last clear chance.

The evidence when viewed in the light ". . . most favorable to the contention that the doctrine is applicable . . ." (*Selinsky* v. *Olsen,* 38 Cal.2d 102 [237 P.2d 645]) shows that while plaintiff was diagonally crossing Riverside Avenue in Yuba County she was struck by a 1½-ton Ford truck equipped for the delivery of soft drinks and owned by the defendant company. At that point Riverside Avenue is approximately 20 feet wide and runs generally in a northerly-southerly direction. There are neither curbs nor sidewalks on either side of the avenue. The area is residential and was posted at 25 miles per hour. At the time of day when the accident occurred the street is

used by numerous school buses discharging children who attend a nearby school. It is also used by a considerable number of children who walk to and from their homes. It further appears that there were only three pedestrian crossings within a distance of a mile and one-half, and that the school children crossed the street at random. Also, because of the physical characteristics of the area, children played along the streets. These facts admittedly were known by the driver of the truck, the defendant Dawson, who in making his rounds of deliveries had traveled along Riverside Avenue once each week, usually between 2:30 and 3:30 p. m., for a period of two and one-half years. On the date of the accident he was proceeding south on Riverside Avenue. As he neared the point of impact he noticed a northbound school bus approximately 100 to 150 feet in front of him. It was stopped to discharge school children and its red warning lights were flashing. Although the plaintiff could remember no car parked immediately to the rear of the school bus, Dawson testified such a car was so parked; that it had just begun to move out from its parked position as he approached, and that plaintiff was behind this car. His testimony was that at that time his speed was approximately 20 to 30 miles or more per hour. He further testified he saw the plaintiff for a couple of seconds while she stood at the edge of the pavement and before she started to cross the street. The plaintiff had been on the east side of the street looking at a puppy which her parents were going to get for her. From the exhibits there appears to be a considerable distance between the fence at the yard where the puppy was and the edge of the pavement. While our examination of the record has failed to produce any statement therein as to the exact distance from the fence to the paved portion of the highway, plaintiff in her reply brief has stated it to be 50 feet, which statement has not been denied. According to the plaintiff, before crossing Riverside Avenue she looked in both directions and seeing no approaching vehicles started running across the street diagonally in a southwesterly direction. This would have placed her in such position that her back was toward the approaching truck. As she was stepping off the pavement on the west side she turned her head and saw the front of the truck just before it hit her. When the ambulance arrived to take her to a hospital she was near the center of the pavement.

Plaintiff's primary contention is that the court erred in refusing to give her proposed instruction in the language of

BAJI 205 on the doctrine of last clear chance. Respondents' answer to such contention is twofold; (1) that the identical instruction proposed by plaintiff was held erroneous in *Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306 P.2d 432]. Hence to have given the instruction in the present case would have been error. And (2) in any event by reason of the factual situation it could not have been given with propriety.

Answering defendants' arguments in support of the judgment in reverse order, it appears to us that the evidence as summarized more than meets the rule as stated in the Brandelius case: " ' (1) That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; (2) that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation; and (3) has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure.' " (P. 740.)

The second portion of respondents' argument is equally without merit. In *Parrott* v. *Furesz,* 153 Cal.App. 2d 26 [314 P.2d 47], the identical situation was presented. It was there held that at the time of the trial counsel had every reason to believe that said instruction not only correctly stated the law but that it had the approval of the Supreme Court and the District Courts of Appeal. Therefore, said the court, "Appellant is entitled to a trial on the issue of last clear chance. He has not had one. It would be manifestly unfair and a mockery of justice to deprive him of one because his counsel lacked the gift of prophecy and could not foresee that in 1957 the Supreme Court in Brandelius would have pointed out to it an error in the instruction which had theretofore escaped the combined observation of several appellate courts and numerous able attorneys." (P. 30.) And in conclusion the court held, at pages 31 and 32: "In equity and justice appellant should not be deprived of his right to a trial on the issue of last clear chance because the instruction proposed by his counsel on the subject in reliance upon earlier decisions has since been held to be erroneous. Obviously on a

new trial an instruction conformable to the rule announced in Brandelius should be given.'' The evidence as summarized here amply satisfies the rule.

It becomes unnecessary to discuss plaintiff's further contentions in view of the conclusion we have reached concerning the failure of the court to instruct on the doctrine of last clear chance.

The judgment is reversed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied May 29, 1958, and respondents' petition for a hearing by the Supreme Court was denied July 2, 1958. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.