[Civ. No. 18996. First Dist., Div. Two. Apr. 24, 1961.]

RUSSELL F. SUMMERS, Appellant, v. RICHARD E. BURDICK et al., Respondents.

466

Robert L. Mezzetti, Robert E. Hayes and Robert P. Aguilar for Appellant.

Robert J. Popelka and George W. Bonney for Respondents.

SHOEMAKER, J.—Plaintiff sued defendants to recover for injuries to himself and his property caused by an automobile driven by defendant Richard Burdick. From the judgment entered in favor of defendants, after trial by jury, plaintiff appeals.

On November 20, 1956, shortly after 6 p.m., plaintiff and his guide dog got off a bus on the westerly shoulder of Highway 101 near Madrone in Santa Clara County, and prepared to cross the highway to reach plaintiff's business and residence on the east side thereof. The highway at this point is four lanes, two northbound—two southbound, divided by chatterbars. Plaintiff had slight vision in one eye to the extent of being able to read a phone book with a magnifying glass, and was also able to distinguish auto headlights at night for some distance. Plaintiff testified that after alighting from the bus he and his dog waited at the edge of the road while two southbound cars passed. He then observed at a point ½ to ¾ of a mile, light from a car coming north. Since it appeared to be too far distant to constitute a danger, plaintiff commanded his dog to go forward and proceeded across the highway, meanwhile keeping the lights under observation at all times until he reached the gravel on the easterly shoulder, where he was struck. Plaintiff recalls nothing until he awakened in the hospital.

Defendant testified that he was traveling in the slow lane at the time of the accident, at about 50 miles per hour, that his lights were on low beam because he was constantly meeting oncoming traffic, and that he saw plaintiff for the first time 100 to 125 feet in front of him crossing the chatterbars into the fast lane of traffic, that plaintiff was moving rapidly toward the east side of the highway with his dog behind him. Defendant asserts he first applied his brakes and then attempted to swerve to the right in order to avoid hitting the plaintiff, but this attempt was unsuccessful and the accident occurred in the outside lane.

Appellant, at oral argument, indicated that out of his numerous assignments of error he relied most strongly upon two of them, namely, that the court erroneously instructed the jury as to the standard of care applicable to appellant, and that the court erred in refusing to instruct the jury on the doctrine of last clear chance.

We consider these matters first. Appellant contends that numerous instructions were given regarding negligence and contributory negligence, which were so "honeycombed" with ordinary care language that the plaintiff's disability was not given proper recognition and improper emphasis was placed upon the standard of ordinary care to his detriment. It must be remembered in connection with this assignment that the court was giving instructions which the jury could

apply to either appellant or respondents. The record discloses the court gave the usual instructions respecting negligence and contributory negligence in the usual phrasing that the standard of conduct governing the rights of the parties was that of ordinary care, and particularly directed the jury as follows:

"If, in these instructions, any rule, direction, or idea be stated in varying ways, no emphasis thereon is intended by me and none must be inferred by you. For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others; but you are to consider all the instructions as a whole and to regard each in the light of all the others." (BAJI 2.) . . .

"Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or to others." (BAJI 102.) Immediately followed the instruction that:

"You are instructed that a person whose vision is impaired must use that degree of care which a person of ordinary prudence with the same impairment would use in similar circumstances.

"Therefore, in deciding whether or not Plaintiff is guilty of contributory negligence, you should consider what would have been the conduct of an ordinarily prudent person with similar impairment." . . .

"The Plaintiff pedestrian had just as much right to the use of the highway or roadway as did the Defendant, subject to the provisions relative to right-of-way as I shall instruct you." . . .

"I further instruct you that blindness does not preclude a man crossing a street from recovering damages in a case of this kind, if the blind man, under all the circumstances, exercised due caution."

We find no merit in this objection, as we see the jury was apprised of the fact that appellant's blindness was to be considered in deciding what constituted ordinary care on his part. We presume that jurors possess common intelligence and that they follow the instructions of the court.

Appellant proposed instructions covering the doctrine of last clear chance, which the court refused and which he assigns as prejudicial error. The requirements of this doctrine have been stated many times.　　We quote them as set forth in the case of *Brandelius* v. *City & County of San Francisco* (1957), 47 Cal.2d 729 [306 P.2d 432]:

"(1) that the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure." (P. 743.)

Appellant asserts that he proved all of the requirements to bring him within the doctrine. Respondents argue that under our particular facts, the doctrine is inapplicable. We agree with the respondents.

While the authorities upon which appellant relies, namely, *Bence* v. *Teddy's Taxi* (1931), 112 Cal.App. 636 [297 P. 128]; *Hensley* v. *Sellers* (1958), 160 Cal.App.2d 117 [324 P.2d 954]; *Cole* v. *Ridings* (1949), 95 Cal.App.2d 136 [212 P.2d 597], and *Peterson* v. *Burkhalter* (1951), 38 Cal.2d 107 [237 P.2d 977], are substantially similar to the instant case in many respects, there is one significant element present in these cases which is absent in the case at bar. This element is an unawareness of danger on the part of the plaintiff that he had placed himself in a position of danger. In the present cause, appellant testified that he saw the lights of respondent driver's car approaching before he started across the road and that his attention was never diverted from them during his entire crossing of the highway. He thus reveals that he was fully aware of the approaching automobile during his entire crossing of the highway. Under these circumstances the case of *Doran* v. *City & County of San Francisco* (1955), 44 Cal.2d 477 [283 P.2d 1], is controlling. There the accident occurred when plaintiffs were struck by an electric bus while crossing the street. The evidence established that plaintiffs saw the bus shortly after leaving the curb, they looked again to their right and saw the bus approaching when they were in the center of the street, but heedlessly continued forward without again glancing in that direction. On appeal defendants contended that the last clear chance doctrine was not applicable because plaintiffs were aware of their dangerous condition and could have saved themselves by the exercise of ordinary care. The court agreed, stating:

"In their effort to answer defendants' contention relating to the first required element, plaintiffs apparently realize that they cannot claim that they were in a position of danger from which it was 'physically impossible' for them to escape until after they had passed the center of the street and had stepped directly into the path of the oncoming bus. They therefore rely mainly upon their claim that they were 'totally unaware' of their danger. This latter claim finds no support in the evidence. Plaintiffs concededly knew of the presence of the bus as they started to cross the street, and also knew that it was moving toward them when they again looked to the right while near the center of the relatively narrow street. With this knowledge, they proceeded to step directly into the path of the oncoming bus; and in the light of this admitted knowledge, it cannot be said that plaintiffs were 'totally unaware' of their danger." (P. 484.) In our opinion, from the evidence of appellant he was fully aware of the approach of the automobile almost up until the actual moment of impact and ordinary care on his part could certainly have prevented the accident. We can find no reason why appellant did not stop at the chatterbars dividing the highway instead of proceeding across it into the face of a known danger. ▮▮▮ It is only in the exceptional case that the doctrine of last clear chance should be implied and thus remove the case from the ordinary rules of negligence and contributory negligence. (*Doran* v. *City & County of San Francisco, supra,* at 487; *Rodabaugh* v. *Tekus* (1952), 39 Cal.2d 290, 293 [246 P.2d 663].)

▮▮▮ Appellant's next contention is that the trial court erroneously refused to admit into evidence a police report used at the trial to refresh the memory of the investigating officer. He argues that since the witness was examined and cross-examined as to the content of the report, that it should have been admitted into evidence on offer of the appellant. Appellant cites no authority to support him and the reason is clear, for the rule is well established that police reports are not admissible under the Uniform Business Records as Evidence Act (Code Civ. Proc., §§ 1953e-1953h.) *Hoel·* v. *City of Los Angeles* (1955), 136 Cal.App.2d 295 [288 P.2d 989].) Further, Vehicle Code, sections 488 and 488.5 (now §§ 20012 to 20015, inclusive), preclude police reports from being admitted into evidence. (See *Fernandez* v. *Di Salvo Appliance Co.* (1960), 179 Cal.App.2d 240 [3 Cal.Rptr. 609].)

■■■ Appellant further complains that the trial court committed prejudicial error in refusing to admit into evidence two photographs designated Exhibits 16-A and 16-B for identification. The court considered the pictures cumulative insofar as the scene of the accident was concerned. Appellant had ample opportunity to point out to the court the manner in which the offered photographs differed from those already admitted, which appellant failed to do. Nor does he show the difference, if any, on this appeal. The ruling was correct.

■■ Appellant next objects to the trial court's instruction stating that contributory negligence on the part of appellant bars him from recovery. He concedes the instruction correctly states the law. He urges, however, that this doctrine has produced harsh results. It is his position that present legislation in California supports the doctrine of comparative negligence and cites us to Civil Code, section 1714. The courts of California have not taken this attitude. In *Haerdter* v. *Johnson* (1949), 92 Cal.App.2d 547 [207 P.2d 855], the court dealt with a similar argument and in dismissing it stated: ''This would be, in effect, an application of the comparative negligence doctrine, which doctrine may be just and fair, but which California's Legislature has not seen fit to adopt, . . .'' (P. 553.)

Appellant next claims that the trial court erred in refusing his Instruction Number 34 which covers the standard to be applied to a person suffering from a physical infirmity, as viewed by the appellant. We have discussed above the standard of care applicable to the appellant, and our belief that it was adequately covered by the instructions given. As we examine the proposed instruction, we are convinced that it is confusing and inaccurate and the court properly excluded it.

■■ ·One of the instructions given by the court was based upon the second paragraph of Vehicle Code, section 511, and contained the following language: ''. . . if the speed of a vehicle upon a highway is in excess of the applicable prima facie limit, such speed is unlawful unless proved to be not in violation of the basic speed law.''

Appellant is correct in alleging that instructions of this nature have repeatedly been held to constitute error when given in a civil case. However, appellant fails to realize that the defect in such an instruction is that it places too heavy a burden upon the party alleged to have violated the basic speed law. Under such an instruction, the defendant is obligated to prove that his speed did not constitute a violation

of the basic speed law, when the burden of proving negligence should properly be borne by the party alleging such negligence. (*Faselli* v. *Southern Pacific Co.* (1957), 150 Cal. App.2d 644, 648 [310 P.2d 698].) Appellant is thus complaining of an instruction which constituted error because it placed too heavy a burden upon respondents. "The clearest examples of errors nonreviewable are those which are in favor of the appellant or against the respondent. . . ." (3 Witkin, California Procedure, § 71, p. 2227.)

Appellant next cites as error the instruction given by the trial court that: "Failure to yield to one to whom the law has given the right-of-way is negligence unless circumstances resulting from causes beyond the control of the driver or pedestrian are such as to excuse and justify him in such failure, judging his conduct in the light of what reasonably might have been expected from a person of ordinary prudence." This instruction was held to be error in *Alarid* v. *Vanier* (1958), 50 Cal.2d 617 [327 P.2d 897]. While the giving of this instruction was error, the question remains whether it was such an error as requires reversal of the judgment. (Const., art. VI, § 4½.) We have thoroughly examined the entire cause, including the evidence in this action. Except for this lone instruction, the jury was fully, fairly and accurately instructed. The evidence of appellant's negligence from his own testimony is so strong that in our opinion it cannot be said that a jury would have found differently had they not been so instructed. The evidence is ample that appellant was actively negligent in crossing a four-lane, highly traveled highway, although he was fully aware that respondents' car was rapidly approaching. Since it cannot be said that the verdict would probably have been different, there is in our opinion no prejudicial error.

The final assignment of error worthy of discussion is the refusal by the court to give appellant's instruction stating that "[e]ven where a motorist may have the right-of-way on a roadway, it ceases where he drives off the roadway onto a gravelled shoulder." Appellant contends that this proposed instruction correctly states the law, and cites *Coughman* v. *Harman* (1933), 135 Cal.App. 49 [26 P.2d 851], as authority for the proposition that a motorist's right-of-way ceases when he drives off the roadway onto a graveled road shoulder. In that case, however, it does not appear that the defendant merely drove onto a graveled shoulder which was part of the highway, since the area into which the car traveled

was described by the court as "the graveled part of the premises surrounding the service station" which was adjacent to the highway. In *Wilson* v. *Foley* (1957), 149 Cal.App.2d 726 [306 P.2d 97], the trial court on its own motion gave instructions stating that whether or not paved shoulders were part of a main traveled portion of a highway was a question of fact to be determined in accordance with the evidence. Appellant's proposed instruction took this question from the jury and set forth an inflexible rule that respondent driver's right-of-way ceased when he traveled onto the shoulder of the highway. In our view, this is not a proper statement of the law. Further, appellant's proposed instruction, if given, could have led the jury to conclude that even had respondent driver done everything required of a reasonable and prudent man up until the actual moment of impact, they must still find him negligent if the impact occurred on the shoulder. Under these circumstances, the proposed instruction was properly refused.

We have considered but find no merit in the other points raised by appellant, and do not discuss them, for to do so would unduly prolong this opinion and deal with matters having no bearing upon the determination of this appeal.

Judgment affirmed.

Draper, Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 21, 1961. Peters, J., was of the opinion that the petition should be granted.